[Civ. No. 12680. Second Appellate District, Division Two.—July 9, 1940.]

ADOLPH RAMISH, INC. (a Corporation), Respondent, v. BERTHA L. BEHR et al., Appellants.

H. F. Poyet for Appellants.

Charles J. Katz and Alfred Gitelson for Respondent.

McCOMB, J.—Respondent moves to dismiss this appeal upon the ground that it was not taken within the time permitted by section 939 of the Code of Civil Procedure and, therefore, that this court is without jurisdiction to entertain the same.

It is conceded that January 15, 1940, the judgment was entered from which the purported appeal was taken; January 26, 1940, notice of intention to move for a new trial was served and filed; February 20, 1940, an order denying appellants' motion for a new trial was made and entered; and March 22, 1940, appellants' notice of appeal to this court was served and filed.

This is the sole question for us to determine:

*Was appellants' time for filing a notice of appeal from the judgment entered against them extended one day under the provisions of section 12a, subsection (b) of the Code of Civil Procedure, because February 22d, George Washington's birthday, occurred during the thirty-day period in which appellants might have filed a notice of appeal from the judgment rendered against them?*

This question must be answered in the negative and is governed by the following principles of law:

(1) The time within which an act provided by law is to be done is computed by excluding the first day and including the last unless the last day is a holiday, in which event it is also excluded (sec. 12, Code Civ. Proc.).

(2) Where an act is required by law to be performed within a specified period of time, such period of time is extended by the number of days equal to the number of holidays (other than special holidays) appointed by the President or Governor which occur during such specified period (sec. 12a, subsec. (b), Code Civ. Proc.).

(3) February 22d, Washington's birthday is a holiday by virtue of an act of the legislature (sec. 10, Pol. Code).

Applying the foregoing rules to the facts of the instant case, it appears that the notice of appeal in the present

case was filed March 22, 1940, which is thirty-one days after the order denying appellants' motion for a new trial was made and entered in the trial court, thus being one day after the time permitted by section 939 of the Code of Civil Procedure.[1] This court is, therefore, without jurisdiction of the appeal, since appellants' time was not extended under the provisions of section 12a, subsection (b) of the Code of Civil Procedure, due to the fact that February 22d fell in the period within which appellants might have filed their notice of appeal. This holiday was not one appointed by the President of the United States or Governor of the State of California, but was a holiday by virtue of legislative enactment (sec. 10, Pol. Code).

There is a very sound reason for the foregoing distinction, which is that everyone is presumed to know the legal holidays prescribed by the legislature and to accommodate his acts accordingly, while holidays appointed by the President and Governor may be selected on short notice and vary according to the exigencies of the circumstances.

For the foregoing reasons the motion to dismiss the appeal is granted and the appeal is dismissed.

Wood, Acting P. J., concurred.

[1] If proceedings on motion for a new trial are pending, the time for appeal from the judgment does not expire until thirty days after entry in the trial court of the order determining the motion for a new trial or other determination in the trial court of the proceedings upon such motion.