[Civ. No. 2741. Fourth Dist.—May 16, 1941.]

LEONARD LYNCH, Appellant, v. ALMEDA HARRELL, Respondent.

864

Euler & Subith for Appellant.

Henry W. Hache and S. G. North for Respondent.

BARNARD, P. J.—This is an action to foreclose a mortgage. A demurrer on the ground that the statute of limitations (Code Civ. Proc., sec. 337, subd. 1) had run was sustained, and the plaintiff has appealed from the judgment of dismissal.

The sole question presented is whether the four-year limitation was so extended by the provisions of section 12a of the Code of Civil Procedure as to bring the filing of this action within the time allowed. That section, so far as material here, reads as follows:

"As to any act provided or required by law to be performed within a specified period of time, such period of time is hereby extended— . . .

"(b) By such number of days as equals the number of holidays (other than special holidays) appointed by the President or by the Governor and which occur within or during such period; . . . "

■ The note in question was dated August 15, 1931, and was payable two years after date. Aside from the matter here suggested, the period in which the action could be filed would expire on or about August 15, 1937. The clerk's transcript contains a first amended complaint which was filed on November 29, 1937, or approximately 106 days after the expiration of the regular four-year period. The record does not contain the original complaint and there is nothing in the record to show when the action was commenced. Where a plea of the statute of limitations is raised by demurrer the original complaint and the date of its filing are essential parts of the record. (*Dougall* v. *Schulenberg,* 101 Cal. 154 [35 Pac. 635]; *Sullivan* v. *Shannon,* 25 Cal. App. (2d) 422 [77 Pac. (2d) 498]; *Young* v. *Young Holding Corp., Ltd.,* 27 Cal. App. (2d) 129 [80 Pac. (2d) 723].) If the instant action is not barred by the statute the appellant has failed to produce a record which discloses that fact. All presumptions are in favor of the judgment. As the court said in *Galusha* v. *Fraser,* 178 Cal. 653 [174 Pac. 311]:

"The second amended complaint was filed on November 18, 1914. The record fails to show when the action was begun and the parties in their briefs do not advise us of the date of filing the original complaint. It is not claimed that it was begun within three years after June, 1910. Moreover, in the absence of a showing to the contrary, we will presume, if necessary to do so in order to support the judgment, that the action was begun at the latest possible time prior to the filing of the second amended complaint."

If we were to presume in support of the judgment that the original complaint was filed nearly 100 days after August 15, 1937, the action would be barred in spite of any claimed effect of section 12a of the Code of Civil Procedure.

■ The appellant is in no better position if the case be considered on its merits, as here presented. The respondent states that the original complaint was filed twenty-six days after the expiration of the regular statutory period and the appellant seems to accept this as a fact. The appellant then contends that under the provisions of section 12a the regular

statutory period was extended on account of forty-six holidays proclaimed by the Governor of this state or the President of the United States, and that he thus had twenty days more than he needed. Of these forty-six holidays, which he designates, he states that thirty-four were "proclaimed" by the Governor of this state. Fifteen of these are days in 1931, 1932 and up to June, 1933, all prior to the time the statute began to run which, of course, cannot be considered. Section 12a applies only to acts required by law to be performed within a certain time and not to private contracts to pay at a certain time. Moreover, by subdivision (b) thereof the extension provided for is limited by holidays occurring "within or during such period", which would here mean the period during which the statute was running. ■ The remaining nineteen holidays said to have been proclaimed by the Governor include general holidays specifically named in section 10 of the Political Code, certain election days, four "public holidays—account financial unrest" and five "special holidays—account financial unrest". Of the twelve holidays said to have been proclaimed by the President, four were Thanksgiving days and eight were special "bank holidays". The latter, and the five "special holidays" proclaimed by the Governor, are expressly excluded from consideration here because of the provisions of section 12a, subdivision (b). If we were to allow the appellant the remaining fourteen holidays proclaimed by the Governor and the remaining four proclaimed by the President, it would still appear that the complaint was filed eight days too late.

However, we are unable to accept the appellant's theory that the running of this statute was extended by all of these remaining holidays. So far as material here, section 12a provides that the time within which this suit might be filed is extended "by such number of days as equals the number of holidays (other than special holidays) appointed by the President or by the Governor and which occur within or during such period". 1. It clearly appears from the portion in parentheses that the time is not extended on account of special holidays. These are defined in section 10 of the Political Code and are such as apply only to a special class of business or persons, a notable example being "bank holidays". 2. The time is extended on account of general holidays "appointed by the President or by the Governor". It seems

clear that it was intended to distinguish between general holidays thus proclaimed and those fixed and established by statutory enactment, being those specifically and definitely designated as such in section 10 of the Political Code. Subdivision (b) of section 12a, therefore, has the effect of excluding from the extension therein provided for any days represented by general holidays which are established by statute and which are not created by and based solely upon executive proclamation. It follows that Sundays, and the other holidays specifically designated in section 10 of the Political Code, are to be eliminated from consideration in computing any extension to the statute of limitations as applying to this action.

The legislature, in adopting section 12a of the Code of Civil Procedure has rather clearly, though inferentially, placed general holidays established by executive proclamation in a separate category and provided for a corresponding extension in the time within which an act required by law is to be performed, when holidays so established have intervened. There is a good reason for the distinction thus made, as suggested in the case of *Adolph Ramish, Inc.*, v. *Behr*, 40 Cal. App. (2d) 54 [104 Pac. (2d) 410], where the court said:

''There is a very sound reason for the foregoing distinction, which is that everyone is presumed to know the legal holidays prescribed by the legislature and to accommodate his acts accordingly, while holidays appointed by the President and Governor may be selected on short notice and vary according to the exigencies of the circumstances.''

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 14, 1941.