[Civ. No. 12894. First Dist., Div. One. Apr. 4, 1945.]

GUY FRANCIS, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Bronson, Bronson & McKinnon and Harold Ropers for Petitioner.

No appearance for Respondent.

PETERS, P. J.—By this proceeding petitioner seeks by writ of prohibition to restrain the superior court from enforcing its order granting a new trial in the case of *Ruth Brune* v. *Guy Francis*. It is urged that such order was void for the reason that it was made more than sixty days after

service of written notice of entry of judgment in violation of section 660 of the Code of Civil Procedure. Neither respondent court, nor Ruth Brune, the real party in interest, although properly served, has appeared in this proceeding in opposition to the granting of the writ.

There can be no doubt but that the writ should issue. The petition alleges that on September 28, 1944, judgment, based on a jury verdict, was entered in favor of petitioner in the case of *Brune* v. *Francis;* that written notice of entry of judgment was served on the attorney for Ruth Brune on October 2, 1944; that thereafter the attorney for Ruth Brune served and filed a notice of intention to move for a new trial; that such motion was argued on October 25, 1944, and thereupon submitted; that on December 4, 1944, the trial court purported to grant the motion for a new trial. Thus it appears that the trial court attempted to grant the new trial sixty-three days after service of written notice of entry of judgment.

Section 660 of the Code of Civil Procedure provides in part: "Except as otherwise provided in section 12a of this code, the power of the court to pass on motion for a new trial shall expire sixty (60) days from and after service on the moving party of written notice of the entry of the judgment. . . . If such motion is not determined within said period of sixty (60) days, or within said period as thus extended, the effect shall be a denial of the motion without further order of the court."

The sixty-day period fixed in this section expired on Friday, December 1, 1944. Unless this period was extended by section 12a of the Code of Civil Procedure, it is clear that the power of the trial court to grant the new trial then expired and the motion was automatically denied. (*Kahn* v. *Smith,* 23 Cal.2d 12 [142 P.2d 13] ; *Kraft* v. *Lampton,* 13 Cal.App.2d 596 [57 P.2d 171] ; *Spier* v. *Lang,* 4 Cal.2d 711 [53 P.2d 138].)

Section 12a provides: "As to any act provided or required by law to be performed within a specified period of time, such period of time is hereby extended—

"(a) To and including the next day which is not a holiday (other than a special holiday), if the last day of such period falls upon a holiday; and

"(b) By such number of days as equals the number of holidays (other than special holidays) appointed by the President or by the Governor and which occur within or during such period; and

"(c) In any event, as to any such period of time which commenced prior to the date this act takes effect, by not less than ten days.

"The term 'special holiday' is used herein in the same sense as used in section 10 of the Political Code."

Section 10 of the Political Code referred to above provides in part: "Holidays within the meaning of this code, are every Sunday, the first of January, twelfth day of February, to be known as Lincoln Day, twenty-second day of February, thirtieth day of May, fourth day of July, ninth day of September, first Monday in September, twelfth day of October, eleventh day of November, known as 'Armistice Day,' twenty-fifth of December, every day on which an election is held throughout the State, and every day appointed by the President of the United States or by the Governor of this State for a public fast, thanksgiving or holiday. . . ." It is further provided that Saturday is a half holiday after 12 o'clock, noon.

Under these sections holidays serve to extend the periods fixed by statute for the performance of acts only when the last day falls on a holiday, except in the case of holidays fixed by the president or governor. As to this last type of holiday the total period fixed by statute is extended by the number of such holidays. During the period October 2, 1944, to December 4, 1944, there were four holidays—October 12th, Columbus Day; election day; Armistice Day and Thanksgiving Day. The only one of these holidays fixed by the president or governor was Thanksgiving Day. This holiday extended the sixty-day period to Saturday, December 2, 1944. None of the other holidays extended the period. It is quite clear that since section 12a provides that periods of time are extended only by holidays appointed by the president or governor, that ordinary statutory holidays do not extend such periods. This was the express holding in *Adolph Ramish, Inc.* v. *Behr*, 40 Cal.App.2d 54 [104 P.2d 410], where it was contended that Washington's Birthday extended the time for serving and filing a notice of appeal. The court held that since February 22nd was a holiday fixed by statute and not one appointed by the president or governor, it did not operate to extend the period. Statutory holidays were also held excluded from section 12a, subdivision (b), in *Lynch* v. *Harrell*, 44 Cal.App.2d 863 [113 P.2d 261].

It is thus apparent that the trial court's power to grant a new trial expired on December 2, 1944. The court was with-

out power to grant the motion on December 4, 1944. Prohibition should therefore issue. As was said in *Bank of America etc. Assn.* v. *Superior Ct.*, 115 Cal.App. 454, 456 [1 P.2d 1081] : "It seems to be settled in California that prohibition is a proper remedy to be invoked where the trial court has made a void order granting a motion for a new trial and is attempting to proceed with a second trial." (*Shepherd* v. *Superior Court*, 54 Cal.App. 673 [202 P. 466] ; *Finkle* v. *Superior Court*, 71 Cal.App. 97 [234 P. 432] ; *United Railroads* v. *Superior Court*, 197 Cal. 687 [242 P. 701].)

Let a peremptory writ of prohibition issue in accordance with the prayer of the petition.

Ward, J., and Dooling, J. pro tem., concurred.