[L. A. Nos. 20818, 20819.  In Bank.  Aug. 19, 1949.]

H. C. MILLSAP, as Special Administrator, etc., Respondent, v. DAISY D. HOOPER et al., Appellants.

(Two Cases.)

Paul J. Otto and Irvin C. Evans for Appellants.

William Ellis Lady for Respondent.

TRAYNOR, J.—Respondent moves to dismiss the appeals herein on the ground that the notice of appeal was filed too late.

Judgment for respondent was entered in the trial court on December 31, 1947. Notice of entry of judgment was mailed in Los Angeles on January 9, 1948, and filed on the same day. It was received at the office of counsel for the appellants on January 12th, and notice of intention to move for a new trial was filed on January 19th. The motion was denied by the trial court on March 9th, but the order of denial was not entered in the minutes until March 17th. Notice of appeal was filed on April 13th.

The effective date of an order of denial of a motion for new trial is the date of the minute entry, and the 30-day extension within which notice of appeal from the judgment may be filed under rule 3(a) does not begin to run until such entry. (*Jablon* v. *Henneberger*, 33 Cal.2d 773 [205 P.2d 1]; *Van Tiger* v. *Superior Court*, 7 Cal.2d 377 [60 P.2d 851]; *Brownell* v. *Superior Court*, 157 Cal. 703 [109 P. 91].) The date of the order of denial was therefore March 17th. That order was ineffective, however, because the motion had been denied by operation of law under section 660 of the Code of Civil Procedure before the date of the minute entry. (*Lancel*

v. *Postlethwait*, 172 Cal. 326 [156 P. 486]; see *Mellin* v. *Trousdell*, 33 Cal.2d 858 [205 P.2d 1036].) The 30-day period of extension must therefore be calculated from the date of denial of the motion by operation of law, and if notice of appeal was filed after the expiration of that period, the appeal must be dismissed. (*Mellin* v. *Trousdell*, 33 Cal.2d 858 [205 P.2d 1036]; *Jablon* v. *Henneberger*, 33 Cal.2d 773 [205 P.2d 1].)

Section 660 of the Code of. Civil Procedure provides that if a motion for new trial is not determined within 60 days from the date of *service* of notice of entry of judgment, it is deemed denied by operation of law. Notice of entry herein was mailed on January 9th. With the allowance of an additional day for mailing within the Los Angeles city limits under section 1013 of the Code of Civil Procedure, it appears that the date of service was January 10th. Sixty days thereafter, or on March 10th, the motion was denied by operation of law under section 660. The 30-day extension granted by rule 3(a) began to run on that date and expired on April 9th. Notice of appeal was not filed until April 13th; it was therefore too late and the appeal must be dismissed.

Appellants seek to avoid this result by urging a different construction of the relevant statutes. They contend that the time within which the motion was to be decided by the trial court did not begin to run until physical *receipt* by counsel of the notice of entry of judgment on January 12th. That would make the date of denial of the motion for new trial by operation of law March 12th. They make the further contention that the time for determination was extended another two days under section 12a(b) of the Code of Civil Procedure,* because two holidays, Lincoln's and Washington's Birthdays, occurred within the 60-day period. These holidays would have extended the time for the trial court to rule until March 14th. Since March 14, 1948, was a Sunday, appellants claim that the motion for new trial was not denied until March 15th. The 30-day extension under rule 3(a) did not expire until April 14th by their calculations, and the notice of appeal was timely since it was filed on April 13th.

---

*"'As to any act provided or required by law to be performed within a specified period of time, such period of time is hereby extended—
"(a) . . .
"(b) By such number of days as equals the number of holidays (other than special holidays) appointed by the President or by the Governor and which occur within or during such period'';

These contentions cannot be upheld. It will be noted that not only does section 660 specifically provide for the running of the 60-day period from the date of *service* of notice of entry, but that when the Legislature intended a time limit to run from the date of receipt, as in section 659, it used language appropriate to that purpose. Its use of different language in section 660 shows clearly that the date of service, computed under section 1013, is controlling, and that the 60-day period runs from that time.*

■ There is no merit to appellants' contention that the Rules on Appeal are unconstitutional. Under article VI, section 1a, of the California Constitution and section 961 of the Code of Civil Procedure there can be no doubt of the authority of the Judicial Council to adopt rules governing appellate procedure in this state.

The appeals herein are dismissed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.

Appellants' petition for a rehearing was denied September 15, 1949.

---

*Even under appellants' contention that the period runs from the date of receipt of the notice of entry of judgment, the notice of appeal was filed too late. Section 12a extends time only when holidays appointed by the President or the Governor (i. e., irregular holidays whose date cannot be precisely foretold) intervene during the period in question. Holidays established by the Legislature under section 10 of the Political Code do not extend time under section 12a. (*Francis* v. *Superior Court,* 68 Cal.App.2d 643 [157 P.2d 23]; *Lynch* v. *Harrell,* 44 Cal.App.2d 863 [113 P.2d 261]; *Adolph Ramish, Inc.* v. *Behr,* 40 Cal.App.2d 54 [104 P.2d 410].) Washington's and Lincoln's Birthdays are holidays established by section 10 and did not, therefore, affect the time within which appellants could file their notice of appeal. The time extension granted by rule 3 (a) having expired on April 9th, 90 days from service of notice of entry of judgment, the notice of appeal of April 13th was too late.