[No. B031014. Second Dist., Div. Three. Oct. 17, 1988.]

JAN J. YSTROM et al., Plaintiffs and Appellants, v.
NEAL HANDEL et al., Defendants and Respondents.

COUNSEL

A. Brent Carruth and Barry J. Post for Plaintiffs and Appellants.

Bonne, Jones, Bridges, Mueller & O'Keefe, Janice B. Lee, Thelen, Marrin, Johnson & Bridges, Curtis A. Cole, Mary R. Barnett, B. Elliott Johnson, Edward M. Coffman, Richard Hall, O'Flaherty, Belgum & Prestholt, Susan Fox Cutter, Greines, Martin, Stein & Richland, Alan G. Martin and Paul M. De Marco for Defendants and Respondents.

## OPINION

**KLEIN, P. J.**—Plaintiffs and appellants Jan J. Ystrom and Marvin J. Ystrom (the Ystroms) appeal the dismissal of their medical malpractice complaint in favor of Neal Handel, M.D. (Handel), Melvin Silverstein, M.D., Melvyn Bircoll, M.D., The Breast Center (TBC) and Valley Hospital Medical Center (VHMC) (collectively respondents) for failure to timely serve the complaint.

Because the three-year period within which a summons and complaint must be served is extended to the next day which is not a holiday when the last day of the three-year period falls on a Saturday, the judgment of dismissal is reversed.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 30, 1984, the Ystroms filed a complaint for medical malpractice against the respondents. On June 1, 1987, a Monday, the Ystroms caused a copy of the summons and complaint to be served on each of the various respondents. The respondents then moved to dismiss the action for failure to timely serve the complaint and for failure to prosecute the action diligently.

Specifically, respondents relied upon: Code of Civil Procedure sections 583.210 and 583.250 which mandate dismissal of an action if the summons and complaint have not been served within three years;[1] sections 583.410 and 583.420 which permit dismissal in the trial court's discretion if, inter alia, service has not been effected two years after the action is filed; and section 583.130 and California Rules of Court, rule 373(e) which provide

---

[1] All further statutory references are to the Code of Civil Procedure.

for the inherent authority of the trial court to dismiss for delay in prosecution.[2]

The trial court granted the motion and dismissed the Ystroms' lawsuit "for failure to timely serve [the] complaint . . . ." The trial court ordered all other motions off calendar.

## CONTENTIONS

The Ystroms contend section 12a extended the period within which service had to be effected from Saturday, May 30, 1987, to Monday, June 1, 1987.

Respondents counter: (1) the specific exceptions to section 583.210 override the general computation of time rule embodied in section 12a; (2) even if the mandatory dismissal is reversed, the trial court abused its discretion in failing to dismiss the action on discretionary grounds; and (3), the Ystroms' failure to serve a court-issued summons renders the service ineffective.

## DISCUSSION

1. *Section 12a applies to the three-year period of time within which a summons and complaint must be served.*

Section 12a provides: "If the last day for the performance of *any act* provided or required by law to be performed within a specified period of time shall be a holiday, then such period is hereby extended to and including the next day which is not a holiday. The term 'holiday' as used herein shall mean all day on Saturdays, . . . [¶] This section applies also to Sections 659, 659a, 946, and 974 through 982, and the periods of time severally therein prescribed or provided for, and to all other provisions of law, however stated or wherever expressed, providing or requiring an act to be performed on a particular day or within a specified period of time. The mention of these sections is not intended and shall not be construed to exclude the application of this section to such other provisions of law, whether the latter are expressed in this or any other code or statute, ordinance, rule, or regulation." (Italics added.)

Respondents argue section 12a was enacted in order to allow litigants access to the courthouse or other public office on the last day of the time period in which an act had to be performed. They claim the section is inapplicable to service of process because service can be effected without the

---

[2] Hereinafter, the discretionary bases are referred to collectively.

assistance of a public office. They point to the fact no case has ever applied section 12a to a nonjudicial act and urge continuance of that policy. In sum, respondents urge us to engraft upon section 12a a clause rewriting the words *any act* to read *any act requiring access to a public office*. To do so would require our ignoring explicit statutory language.

Moreover, section 13b expressly provides: "Any act required by law to be performed on a particular day or within a specified period *may* be performed (*but is not hereby required to be performed*) on a Saturday, with the like effect as if performed on a day which is not a holiday." (Italics added.)

■ "The fundamental rule [of statutory construction] is that a court should ascertain the intent of the Legislature so as to effectuate the law's purpose, and in determining intent the court first turns to the words used. [Citation.] [¶] When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it. [Citations.]" (*People* v. *Overstreet* (1986) 42 Cal.3d 891, 895 [231 Cal.Rptr. 213, 726 P.2d 1288].)

■ Here, there is no ambiguity to be construed. Service of process within three years of filing a complaint is an act required by law. "Section 12a states a general rule regarding the computation of the time allowed for doing an act provided or required by law. [Citations.] Consistent with the need for certainty in the method of computing time, a case will not be found to come under an exception to the general rule unless there is a clear expression of provision for a different method of computation. [Citation.]" (*DeLeon* v. *Bay Area Rapid Transit Dist.* (1983) 33 Cal.3d 456, 460-461 [189 Cal.Rptr. 181, 658 P.2d 108].)

In the absence of any such expression here, it must be concluded that the time period proscribed by section 583.210 is to be calculated with reference to section 12a.

2. *Respondents' contentions each lack merit.*

a. *Specific exceptions to section 583.210 neither conflict with nor override the general-computation-of-time statute found in section 12a.*

Various sections following section 583.210 contain provisions which further shape the mandatory dismissal rule.

Section 583.230 requires extensions of time within which service must be made to be either a written stipulation or an oral agreement in open court. Section 583.240 excludes from the three-year period the time during which

(1) the defendant is not amenable to process, (2) the action is stayed and the stay affects service, and (3), service is impossible, impracticable or futile. Finally, section 583.250, subdivision (b), provides "[t]he requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

Respondents argue the foregoing provisions constitute a legislative expression intending that only the specifically enumerated extensions of time and exceptions are available to a party charged with compliance. They conclude the general statute, section 12a, must give way to the more specific sections cited above.

However, this argument overlooks the final provision in section 583.250, subdivision (b), which draws into the enumerated exceptions all other exceptions "expressly provided by statute." Because section 12a falls within this category of exception, it is included within the permitted exceptions to section 583.210.

b. *Analogy to section 1013, subdivision (a) unpersuasive.*

VHMC argues that although the words "any act" are used in section 1013, subdivision (a), they have not been interpreted strictly to mean "any act." Section 1013, subdivision (a), permits a five-day extension of time within which to do any act or make any response required by a notice or other paper served by mail. Whenever another statute conflicts with section 1013, by providing for the performance of an act within a period of time defined differently, section 1013, subdivision (a), has yielded to the more specific statute. (E.g., petitioning for judicial review of an adjudicatory action by a local agency not later than 90 days following the date on which a decision becomes final (*Tielsch* v. *City of Anaheim* (1984) 160 Cal.App.3d 576, 580 [206 Cal.Rptr. 740]); filing a petition for review within 30 days after issuance of an order of the board (*Mario Saikhon, Inc.* v. *Agricultural Labor Relations Bd.* (1983) 140 Cal.App.3d 581, 582 [189 Cal.Rptr. 632]); commencing an action within 30 days after the filing of a minute order granting relief from the requirement of filing a claim (*Fritts* v. *County of Kern* (1982) 135 Cal.App.3d 303, 306 [185 Cal.Rptr. 212]); request for trial which must be filed within 20 days after the filing of an arbitration award (*Amoroso* v. *Superior Court* (1979) 89 Cal.App.3d 240, 242 [152 Cal.Rptr. 398]); or commencement of an action within six months after a notice of rejected claim is personally delivered or deposited in the mail (*Smith* v. *City and County of San Francisco* (1977) 68 Cal.App.3d 227, 231 [137 Cal.Rptr. 146]).)

Each case cited by VHMC in support of its argument required the act in question to be performed within either of two periods of time—one calculat-

ed as provided in the specific statute and a second as provided for by reference to section 1013, subdivision (a). In each case, the more specific statute prevailed over section 1013, subdivision (a).

Here, there is no such direct conflict. The period of time within which service must be effected remains three years. Because only the manner in which the last day of that period is calculated is in issue, there is no need for either statute to prevail over the other. Therefore, we reject VHMC's analogy.

    *c.  Absent an exercise of discretion by the trial court, this court should decline respondents' invitation to dismiss the action on discretionary grounds.*

Respondents first argue the trial court's order is ambiguous in that it does not specify the ground upon which it relied in granting the motion to dismiss. Because of this claimed ambiguity, respondents assert the dismissal should be affirmed if supported by any basis, mandatory or discretionary.

However, the reporter's transcript of the oral proceedings, as well as the manner in which the trial court worded its written order, indicate the trial court's reliance solely upon the mandatory dismissal grounds. At the hearing on the motion, the trial court stated, "I don't want to discuss the failure to prosecute. I think that is the weakest [*sic*] of the two grounds." Later in the hearing the trial court stated, "On the discretionary grounds I would deny."

The minute order granted the respondents' motion to dismiss "for failure to timely serve [the] complaint" and took "[a]ll other motions off calendar."

The only reasonable inference to be drawn from these oral and written statements is the trial court's intention to grant the motion to dismiss solely upon the mandatory grounds, thereby rendering consideration of the discretionary grounds moot. Thus, we cannot agree with the respondents' assertion of ambiguity in the trial court's order sufficient to warrant affirmance of that order on discretionary grounds.

Alternatively, respondents claim the Ystroms' failure to prosecute this lawsuit is so aggravated as to warrant dismissal on discretionary grounds even though that basis has not been considered by the trial court.

█ We recognize it is axiomatic that a trial court's ruling, although based upon an erroneous interpretation or analysis of law, may be affirmed if correct on another proper basis. (*D'Amico* v. *Board of Medical Examiners*

(1974) 11 Cal.3d 1, 19 [112 Cal.Rptr. 786, 520 P.2d 10].) However, cases reviewing such dismissals uniformly show great deference to the exercise of discretion by the trial court in the first instance. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 331 [216 Cal.Rptr. 718, 703 P.2d 58]; *Longshore* v. *Pine* (1986) 176 Cal.App.3d 731, 736-737 [222 Cal.Rptr. 364].)

While there may be circumstances in which this court would find a plaintiff's failure to prosecute so flagrant as to warrant, as a matter of law, dismissal on discretionary grounds at the appellate level in the first instance, the present case does not justify such action.

Mrs. Ystrom filed a declaration detailing her "severe emotional problems as a result of the malpractice," the dismissal of her first counsel in April 1986, her belief all parties had been served at that time, her efforts to secure substitute counsel, the efforts of present counsel's office to review the case with medical experts and the eventual retention of present counsel.

Although these facts do not exhibit exemplary diligence in prosecution, we nonetheless decline respondents' invitation to exercise the discretion which resides in the trial court. ■ The determination of whether a case should be dismissed for failure to prosecute diligently is a complex question of fact and law. Adjudication of this issue involves assessing credibility, resolving conflicts in the evidence and balancing competing judicial policies. (*Cubit* v. *Ridgecrest Community Hospital* (1987) 194 Cal.App.3d 1552, 1566-1567 [240 Cal.Rptr. 346].) All of these tasks are uniquely within the province of the trial court. " '[U]nless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power.' [Citations.]" (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193]; *Blank* v. *Kirwan, supra*, 39 Cal.3d 311; see also *Shamblin* v. *Brattain* (1988) 44 Cal.3d 474, 479 [243 Cal.Rptr. 902, 749 P.2d 339].)

d. *Service of copy of a conformed copy of summons adequate here.*

■ VHMC, TBC and Handel assert "the only summons served . . . was void for lack of the clerk's signature and the issuing court's seal." We acknowledge the summons served with the complaint was prepared by counsel and conformed to the original summons but lacked the court's seal and the signature of the clerk. (§ 412.20.) However, it was accompanied by Ystroms' counsel's "Declaration of Lost Original Summons," which stated counsel's inability to find the original summons and counsel's belief it had been lost.

Putting aside the consideration that the better practice would have been for the Ystroms to have sought the issuance of a duplicate original summons from the clerk of the court, the asserted deficiency of the summons is a mere technicality and does not render it "substantially defective." (Cf. *Green* v. *Municipal Court* (1975) 51 Cal.App.3d 446, 451 [124 Cal.Rptr. 139].)

Nor does the absence of an issuance date, which respondents would construe as a contrivance designed to forestall their realization of the untimely service, render the summons so deficient as to deprive the court of jurisdiction. The served copy of the complaint showed the filing date; the declaration of counsel highlighted, rather than concealed, the flaw now asserted by respondents. In sum, the conformed copy of the summons served upon respondents was not so defective as to render service invalid.

### CONCLUSION

Because service of process within the three-year period allotted by section 583.210 is plainly an act required by law, section 12a operates to extend the three-year period when the last day would otherwise fall on a Saturday or holiday.

### DISPOSITION

The judgment is reversed. The Ystroms to receive costs on appeal.

Arabian, J., and Croskey, J., concurred.