Opinion
ROBERTSON, P. J.
Appellant challenges the judgment rendered against
her in an unlawful detainer proceeding.
*Supp. 6 The main thrust of appellant’s appeal is that the evidence does not support the conclusion that appellant was guilty of unlawful detainer on the date the complaint was filed because the complaint was filed prematurely. Appellant’s contention in this regard is meritorious and requires a reversal; consequently, we do not reach the remaining contention.

Discussion

The Legislature has authorized a landlord or his or her successor in interest to utilize the statutory unlawful detainer proceeding to evict a tenant for the failure to pay rent. The pertinent section is Code of Civil Procedure section 1161, subdivision 2.[1] That section mandates at least three days’ (written) notice requiring the payment of rent must be given where it is overdue and the tenant is in possession.
Section 1161, subdivision 2, provides in part: “[A tenant of real property is guilty of unlawful detainer] [w]hen he continues in possession without permission of his landlord . . . after default in the payment of rent, pursuant to the lease or agreement. . . and three days’ notice, in writing, requiring its payment, stating the amount which is due, or possession of the property, shall have been served upon him. ...”
By virtue of the fact that an unlawful detainer involves a forfeiture of the tenant’s right to possession, the courts strictly construe the statutory proceedings which regulate it. (Kwok v. Bergren (1982) 130 Cal.App.3d 596, 600 [181 Cal.Rptr. 795].) A tenant in an unlawful detainer proceeding is entitled to a proper notice to vacate. (Lamey v. Masciotra (1969) 273 Cal.App.2d 709, 713 [78 Cal.Rptr. 344].)
A cause of action for unlawful detainer does not arise until the three days required for proper notice have expired without the tenant having paid the rent during that time. (Downing v. Cutting Packing Co. (1920) 183 Cal. 91, 95-96 [190 P. 455].)
The facts, as adduced by the record on appeal, indicate that the subject unlawful detainer action against appellant was filed on May 26, 1992; the three-day notice to pay rent or quit was served on appellant on May 20, 1992; and the courts were closed on May 25, 1992, because it was a legal holiday. We grant appellant’s request to take judicial notice of the following facts: May 20, 1992 (i.e., the date the notice was served) was a Wednesday; the third day after service of the notice (i.e., May 23) was a Saturday; and Monday, May 25, 1992, was Memorial Day, a legal holiday.
*Supp. 7 We perceive the key question raised by this appeal to be whether the “three-day weekend” period discussed above extended the time in which appellant could pay the overdue rent.
Section 12 provides that “[t]he time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded.” As used in this section, we do not conclude that the term “act provided by law” “[m]ean[s] that it [must be] an act the doing of which is commanded by law. It applies equally to all acts permitted by law . . . .” (Scoville v. Anderson (1901) 131 Cal. 590, 595 [63 P. 1013].) Under section 1161, subdivision 2, a tenant in default is permitted by law to cure the default and avoid eviction by paying the rent within the specified period. The law permits the tenant to remedy the situation and legally prohibits the landlord from initiating eviction proceedings during the period allowed for curing the default.
We conclude that a tenant’s right to pay overdue rent without being subject to the termination of the tenancy within the three-day period under section 1161 is an “act provided by law,” within the meaning of section 12.
Additionally, the courts have explicitly refused to limit the term “any act provided or required by law” under section 12a[2] to “[apply only to] act[s] requiring access to a public office,” holding that “[t]o do so would require [the court to ignore] explicit statutory language.” (Ystrom v. Handel (1988) 205 Cal.App.3d 144, 148 [252 Cal.Rptr. 110], italics omitted.)[3]
“Moreover, under California law, the tenant of a dwelling cannot waive the provisions of section 1161, subdivision 2.” (Gersten Companies v. Deloney (1989) 212 Cal.App.3d 1119, 1128 [261 Cal.Rptr. 431].) That section “gives tenants additional time to pay their rent without endangering their tenancy, [therefore], it is plainly a grace period provided by California law.” (Id., at p. 1129.). “The three day notice period ... is a condition precedent to the filing of a complaint for unlawful detainer. The purpose of this notice is to give the tenant the opportunity to pay the rent and retain possession.” (Briggs v. Electronic Memories & Magnetics Corp. (1975) 53 Cal.App.3d 900, 905 [126 Cal.Rptr. 34].)

*Supp. 8
Computation of the Three-day Notice Period

With reference to the computation of the three days required under section 1161, “[t]hree full days after the day a three-day notice is served must pass before a complaint can be filed . . . .” (Moskovitz et al„ Cal. Eviction Defense Manual (2d ed. 1993) § 6.7, p. 97.) Furthermore, the time in which any act provided by law is to be done is computed by excluding the first day and including the last. (§ 12a.)
Legal holidays are every Saturday, Sunday, and the other days listed in Government Code sections 6700-6701 and sections 10, 12a-12b.
Applying the foregoing principles to the case at bar, the complaint could not have been properly filed until Wednesday, May 27. The three-day notice was served on Wednesday, May 20; therefore Wednesday, May 20, is not counted because the first day is excluded (§ 12); the first day of the three-day period following service of the notice was Thursday, May 21 and the second day was Friday, May 22; May 23 was a Saturday, May 24 was a Sunday, and Monday, May 25, was a legal holiday (Memorial Day). Pursuant to the provisions of section 12a, all three days were “holidays.” This being the case, the three-day notice period expired at the end of the next day which was not a holiday, this being Tuesday, May 26, 1992. Thus, the complaint could not have been properly filed until Wednesday, May 27.
Consequently, as a matter of law, at the time of the filing of the complaint there was no forfeiture because the condition precedent was not met. Accordingly, there is insufficient evidence before us to support the trial court’s determination that appellant was guilty of unlawful detainer.

Disposition

The judgment is reversed. Appellant is entitled to costs on appeal.
Johnson, J., and Watai, J., concurred.

Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

Section 12a provides, in part, “If the last day for the performance of any act provided or required by law to be performed within a specified period of time shall be a holiday, then such period is hereby extended to and including the next day which is not a holiday. The term ‘holiday’ as used herein shall mean all day on Saturdays . . .” (Italics added.)

In Ystrom, the court rejected the claim that section 12a was “inapplicable to service of process because service can be effected without the assistance of a public office.” (Ystrom v. Handel, supra, 205 Cal.App.3d at pp. 147-148.)