[No. B163064. Second Dist., Div. One. Aug. 29, 2003.]

MARTIN GANS et al., Plaintiffs and Appellants, v.
L.C. SMULL et al., Defendants and Respondents.

COUNSEL

Law Offices of Howard Gold and Howard Gold for Plaintiffs and Appellants.

Ruzicka, Snyder & Wallace and Richard Sontag for Defendants and Respondents.

OPINION

**SPENCER, P. J.—**

## INTRODUCTION

Plaintiffs Martin Gans and Stars Drive-In, Inc. appeal from a judgment dismissing their complaint against defendants L.C. Smull, Robert H. Cowgill and S-C Development. The dismissal followed the sustaining of defendants' demurrer without leave to amend. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 25, 1977, defendants entered into a 25-year lease with plaintiffs' predecessors in interest for property defendants owned on Sherman Way in Canoga Park.[1] The lease was assigned to plaintiffs on December 1, 1998.

---

[1] The 25-year period did not commence until the first of several conditions was fulfilled.

The lease contained an option to extend for two five-year periods. It further provided: "To exercise Tenant's options to extend, Tenant must notify Landlord in writing on or before 60 days before the date of expiration of the within Lease ...."; "Notices by Tenant to Landlord shall be in writing and deposited in the United States mail, postage prepaid, certified or registered, addressed to Landlord ...."

The lease term expired on July 31, 2002. The 60th day before the expiration date was Saturday, June 1, 2002. On Monday, June 3, 2002, plaintiffs attempted to exercise their option to extend the lease by letter sent to defendants by regular mail. Defendants admitted receiving the letter the following day.

On June 13, 2002, defendants wrote back to plaintiffs that their attempt to exercise the option was untimely. Defendants added: "Please be advised that the Landlord has elected to cancel your lease at the expiration on July 31, 2002, at which time you are to vacate the premises pursuant to Article 17 of said lease."

Plaintiffs filed the instant action on July 25, 2002, seeking damages for anticipatory breach of contract, breach of a covenant to extend the term of the lease and seeking declaratory relief. The gravamen of the complaint was that plaintiffs timely exercised their option to extend the lease. By refusing to accept plaintiffs' exercise of the option, defendants breached the contract.

Defendants filed an unlawful detainer action in the superior court on August 20, 2002. (*Smull v. Gans* (Super. Ct. L.A. County, 2002, No. 02B05002).) Defendants filed their demurrer in the instant action on September 6, 2002. They claimed Code of Civil Procedure section 12a[2] did not apply to extend the time for notice from Saturday, June 1 to Monday, June 3, 2002.

Shortly after defendants filed the demurrer, on September 16, 2002, plaintiffs filed a motion for summary judgment in the unlawful detainer action. On September 23, 2002, the superior court granted plaintiffs' motion for summary judgment. It ruled that pursuant to *Lamanna v. Vognar* (1993) 17 Cal.App.4th Supp. 4 [22 Cal.Rptr.2d 501] and *Ystrom v. Handel* (1988) 205 Cal.App.3d 144 [252 Cal.Rptr. 110], plaintiffs' June 3, 2002 letter exercising their option was timely under Code of Civil Procedure section 12a.

---

[2] Code of Civil Procedure section 12a, subdivision (a), provides in pertinent part: "If the last day for the performance of any act provided or required by law to be performed within a specified period of time is a holiday, then that period is hereby extended to and including the next day which is not a holiday. For purposes of this section, 'holiday' means all day on Saturdays, [and] all holidays specified in Section 135 ...."

Language contrary to *Lamanna* and *Ystrom* in *Lynch v. Harrell* (1941) 44 Cal.App.2d 863 [113 P.2d 261] was dicta and interpreted an earlier version of Code of Civil Procedure section 12a. Additionally, plaintiffs' mailing of the notice by regular mail rather than certified or registered mail was immaterial, in that defendants admitted receiving the notice the following day.

The trial court in the instant case sustained defendants' demurrer without leave to amend on October 21, 2002. Judgment was entered on October 21, 2002. On October 29, 2002, defendants filed a notice of appeal from the judgment in the unlawful detainer action. (*Smull v. Gans* (Super. Ct. L.A. County, App. Div., No. BV024502).) On November 6, 2002, plaintiffs filed a notice of appeal from the judgment in the instant case.

## CONTENTION

Plaintiffs contend that Code of Civil Procedure section 12a, along with other statutory provisions, clearly establish that, where the last day on which to exercise a lease option falls on a Saturday, the time in which to exercise the option is extended to the following Monday as a matter of law. For the reasons set forth below, we disagree.

## DISCUSSION

Under Code of Civil Procedure section 12a, subdivision (a), "[i]f the last day for the performance of any act provided or required by law to be performed within a specified period of time is a holiday, then that period is hereby extended to and including the next day which is not a holiday." "Holidays" include Saturdays. Plaintiffs contend this section applied in the instant case to extend the time in which they could exercise their option to extend their lease from Saturday, June 1 to Monday, June 3, 2002.

Plaintiffs rely on *Lamanna v. Vognar, supra*, 17 Cal.App.4th Supp. 4 and *Ystrom v. Handel, supra*, 205 Cal.App.3d 144. *Ystrom* involved the question whether Code of Civil Procedure section 12a applied to extend the period of time in which a summons and complaint must be served. (*Ystrom, supra*, at p. 147.) It was clear to the court that "[s]ervice of process within three years of filing a complaint is an act required by law." (*Id.* at p. 148.) Therefore, section 12a applied. (*Ystrom, supra*, at p.147.)

*Lamanna* was an unlawful detainer action. Defendant was served with a three-day notice to pay rent or quit on Wednesday, May 20. The third day after service of the notice was Saturday, May 23. Monday, May 25, was a

legal holiday, Memorial Day. Plaintiff filed the unlawful detainer action on Tuesday, May 26. (*Lamanna, supra,* 17 Cal.App.4th at p. Supp. 6.)[3]

The question before the court was whether the time in which defendant could pay overdue rent was extended by the three-day weekend, May 23 through May 25. (*Lamanna v. Vognar, supra,* 17 Cal.App.4th at p. Supp. 7.) The court noted that under Code of Civil Procedure section 12, " '[t]he time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded.' " (*Lamanna, supra,* at p. Supp. 7.) The court concluded "that a tenant's right to pay overdue rent without being subject to the termination of the tenancy within the three-day period under section 1161 is an 'act provided by law,' within the meaning of section 12." (*Lamanna, supra,* at p. Supp. 7.) Therefore, under Code of Civil Procedure section 12a, the three-day weekend was excluded from the computation of the time in which defendant could pay the overdue rent. (*Lamanna, supra,* at 17 Cal. App. 4th p. Supp. 8.) The unlawful detainer action could not properly be filed until Wednesday, May 27. (*Ibid.*)

As defendants point out, the acts at issue in *Ystrom* and *Lamanna* were governed by statute: service of process and payment of overdue rent in response to a three-day notice to pay rent or quit. There is no statute governing the exercise of an option to extend a lease.

Plaintiffs attempt to analogize the instant case to *Lamanna,* arguing that "the act that was to be performed by the tenant ... was the performance of a term of the lease which, if performed in an untimely manner, would trigger the landlord's right to initiate unlawful detainer proceedings." The analogy fails. *Lamanna* involved a failure to pay overdue rent after the issuance of a three-day notice to quit, an act governed by statute. In the instant case, plaintiffs' exercise of their option to extend the lease was not an act governed by statute.

Defendants take the position that this case is governed by Civil Code section 7. This provides: "Holidays within the meaning of this code are every Sunday and such other days as are specified or provided for as holidays in the Government Code of the State of California." If this section applies, Saturday, June 1 was not a holiday, the time for plaintiffs' performance was not extended, and performance was untimely.

---

[3] Pursuant to Code of Civil Procedure section 1161, subdivision 2, " '[A tenant of real property is guilty of unlawful detainer] [w]hen he continues in possession without permission of his landlord ... after default in the payment of rent, pursuant to the lease or agreement ... and three days' notice, in writing, requiring its payment, stating the amount which is due, or possession of the property, shall have been served upon him ....' " (*Lamanna v. Vognar, supra,* 17 Cal.App.4th at p. Supp. 6.)

As defendants point out, the statutes governing contracts, including leases, are contained within the Civil Code. (Civ. Code, §§ 1549 et seq., 1940 et seq.) The Code of Civil Procedure, on the other hand, governs civil and special proceedings. This suggests the time for performing a contract would be found in the Civil Code rather than in the Code of Civil Procedure.

Defendants claim that if the Legislature intended Code of Civil Procedure section 12a to apply to contracts, it knew how to specify so. For example, Civil Code section 9 provides that days that are not holidays within the meaning of section 7 "are business days for all purposes; provided" and contains further provisions "as to any act *appointed by law or contract.*" (Italics added.) Civil Code section 11 provides that "[w]henever any act of a secular nature, other than a work of necessity or mercy, *is appointed by law or contract* to be performed upon a particular day, which day falls upon a holiday, it may be performed upon the next business day, with the same effect as if it had been performed upon the day appointed." (Italics added.)

■ Where the Legislature uses particular language in a statute, the omission of such language in a similar statute tends to show a different legislative intent. (*Holmes v. Jones* (2000) 83 Cal.App.4th 882, 890 [100 Cal.Rptr.2d 138]; *Department of Industrial Relations v. Lee* (1999) 73 Cal.App.4th 763, 768 [86 Cal.Rptr.2d 710]; see, e.g., *Traverso v. People ex rel. Dept. of Transportation* (1993) 6 Cal.4th 1152, 1166 [26 Cal.Rptr.2d 217, 864 P.2d 488].) Its omission of the "or contract" language from Code of Civil Procedure section 12a, while using that language in Civil Code sections 9 and 11, evidences an intent to exclude contracts from the purview of that section.

■ For this reason, we hold that Code of Civil Procedure section 12a does not apply to acts governed solely by contractual provisions. Accordingly, section 12a did not apply to extend the time in which plaintiffs could exercise their option to extend their lease. Their attempt to exercise the option was untimely. The trial court did not err in sustaining defendants' demurrer on that basis.

The judgment is affirmed.

Vogel (Miriam A.), J., and Mallano, J., concurred.