Filed 7/11/25  Strata Pasadena Shops v. Joo CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION FOUR

| | |
|---|---|
| STRATA PASADENA SHOPS, LLC, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> BYUNG SUL JOO, <br><br> Defendant and Respondent. | B334215, B336855 <br><br> Los Angeles County Super. Ct. No. 22AHCV01357 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Joel L. Lofton. Affirmed.

Law Offices of Ernest Mooney and W. Ernest Mooney for Plaintiff and Appellant.

Law Office of Richard Jacobs and Richard Jacobs for Defendant and Respondent.

## INTRODUCTION

This consolidated appeal arises from an unlawful detainer action filed by Strata Pasadena Shops, LLC (Strata), against Byung Sul Joo. The trial court granted summary judgment in Joo's favor, finding the notice to pay rent or quit served upon Joo invalid based on its failure to afford him the full three-day period to respond, as required under Code of Civil Procedure[1] section 1161, subdivision 2. The trial court also found Joo to be the prevailing party in the action and granted his motion for attorneys' fees.

On appeal, Strata argues: (1) the notice to pay rent or quit was valid because it complied with section 1161, subdivision 2's content requirements; and (2) alternatively, any defect in the notice was harmless, as Strata did not file its operative complaint until six calendar days after serving the notice on Joo and thus in fact provided Joo the time to pay rent or quit required by law. Therefore, Strata contends, the trial court erred in granting Joo's motion for summary judgment and finding Joo to be a prevailing party entitled to attorneys' fees. As discussed below, we disagree, and affirm.

## BACKGROUND[2]

On February 1, 2020, Strata entered into a 10-year commercial lease with Joo, under which Joo agreed to pay Strata $10,060 per month to rent the property located at 245 E.

---

1     All undesignated statutory references are to the Code of Civil Procedure.

2     We limit our recitation of the facts to those relevant to this appeal.

Colorado Blvd., Pasadena, California, (the Property) to operate a restaurant.  On Saturday, May 20, 2023,[3] Strata served Joo with a notice (Notice) demanding that Joo either pay $120,577.28 in past-due rent or vacate and surrender possession of the Property "within THREE (3) DAYS from the date of service of this notice . . . ."  According to the Notice, Joo's failure to take either action within the time indicated "w[ould] result in legal proceedings being initiated against [him] to recover possession of the premises . . . ."  The Notice directed Joo to tender payment in person to "STRATA PASADENA SHOPS, LLC" at a specified address in Newport Beach, California, stating the "[u]sual days and hours for rent are: Monday-Friday 9 am-5 pm[.]"

On May 26, 2023, Strata filed its operative first amended unlawful detainer complaint.  Subsequently, Joo moved for summary judgment, arguing, inter alia, that Strata could not prevail as a matter of law because the Notice "contains defects on its face . . . including failure to give 3 days excluding weekends and holidays to comply . . . ."  (Bolded text omitted.)

The trial court granted Joo's summary judgment motion, finding: "Here, the three-day notice to quit or pay rent was served on May 20, 2023, a Saturday, and required [Joo] to pay or quit within three days of the date of service.  However, the notice does not state that Saturdays, Sundays, or judicial holidays were excluded.  The three-day notice therefore improperly required [Joo] to comply in a shorter period of time than required by law and is therefore defective on its face.  In other words, the notice demands payment by May 23rd, when under the statu[t]e . . .

---

3      We take judicial notice of the fact that May 20, 2023 was a Saturday; May 21, 2023, a Sunday; May 23, 2023, a Tuesday; and May 24, 2023, a Wednesday.  (Evid. Code, § 452, subd. (h).)

[Joo] has until May 24th. Does this one-day difference matter? The court finds that it does and is fatal to [Strata's] case."

Accordingly, the trial court concluded that Joo was entitled to summary judgment, as he "ha[d] met [his] burden of establishing that the notice is defective on its face and [Strata] has not raised a triable issue of material fact." In the judgment entered in Joo's favor, the trial court found Joo to be the prevailing party in the action. Joo thereafter filed a motion for attorneys' fees, which the trial court granted.

Strata timely appealed the judgment and the order awarding Joo attorneys' fees.[4]

## DISCUSSION

### I. Summary Judgment

#### A. Standard of Review

"On appeal from the granting of a motion for summary judgment, we examine the record de novo, liberally construing the evidence in support of the party opposing summary judgment and resolving doubts concerning the evidence in favor of that party." (*Miller v. Department of Corrections* (2005) 36 Cal.4th 446, 460.) "We must affirm a summary judgment if it is correct on any of the grounds asserted in the trial court, regardless of the trial court's stated reasons." (*Garrett v. Howmedica Osteonics Corp.* (2013) 214 Cal.App.4th 173, 181.)

"A party is entitled to summary judgment only if there is no triable issue of material fact and the party is entitled to judgment as a matter of law. (Code Civ. Proc. § 437c, subd. (c).) A

_____

4 Per Strata's request, we consolidated Case Nos. B334215 and B336855 for argument and decision.

4

defendant moving for summary judgment [has the burden of showing] that one or more elements of the plaintiff's cause of action cannot be established or that there is a complete defense [to the cause of action]. (*Id.*, subd. (p)(2).) If the defendant meets this burden, the burden shifts to the plaintiff to present evidence creating a triable issue of material fact. (*Ibid.*) A triable issue of fact exists if the evidence would allow a reasonable trier of fact to find the fact in favor of the party opposing summary judgment." (*Grebing v. 24 Hour Fitness USA, Inc.* (2015) 234 Cal.App.4th 631, 636-637.)

### B. Analysis

#### 1. The Notice is Invalid

"The Unlawful Detainer Act [(§§ 1159-1179a)] governs the procedure for landlords and tenants to resolve disputes about who has the right to possess real property." (*Stancil v. Superior Court* (2021) 11 Cal.5th 381, 394.) Section 1161, subdivision 2 states, in relevant part, that a tenant is guilty of unlawful detainer "[w]hen the tenant continues in possession . . . without the permission of the landlord . . . after default in the payment of rent, pursuant to the lease . . . under which the property is held, and three days' notice, excluding Saturdays and Sundays and other judicial holidays,[5] in writing, requiring its payment, stating the amount that is due, the name, telephone number, and address of the person to whom the rent payment shall be made,

---

5      In 2018, the Legislature amended section 1161 to clarify that, for purposes of subdivisions 2 and 3, the three-day notice period excludes Saturdays, Sundays, and other judicial holidays, regardless of whether those days fall in the beginning, middle, or end of that period. (Stats. 2018, ch. 260, § 1; Assem. Bill No. 2343 (2017-2018 Reg. Sess.) § 1.)

and, if payment may be made personally, the usual days and hours that person will be available to receive the payment . . . or possession of the property, shall have been served upon the tenant . . . ." It is well established under this section that "[a] landlord must serve a tenant with a valid three-day notice in order to prevail in an unlawful detainer action." (*Bawa v. Terhune* (2019) 33 Cal.App.5th Supp. 1, 5.)

"It has long been recognized that the unlawful detainer statutes are to be strictly construed and that relief not statutorily authorized may not be given due to the summary nature of the proceedings." (*WDT-Winchester v. Nilsson* (1994) 27 Cal.App.4th 516, 526.) If the statutory requirements in such proceedings are not strictly followed, ""'a landlord's remedy is an ordinary suit for breach of contract with all the delays that remedy normally involves and without restitution of the demised property." [Citation.]' [Citation.] Thus, a commercial landlord who invokes the summary procedures of unlawful detainer must strictly comply with the notice requirements of the statute under which he/she elects to proceed." (*Ibid*.)

On appeal, Strata argues the trial court committed reversible error in finding the Notice defective on the ground that "it [does] not expressly state that Saturdays, Sundays, and other judicial holidays were excluded from the . . . calculation" of the three-day deadline by which Joo had to pay rent due or quit. Strata argues section 1161, subdivision 2 does not require a notice to include this language and thus, the trial court erred by reading such a requirement into the statute.

In support of its argument, Strata analogizes the present case to *Lee v. Kotyluk* (2021) 59 Cal.App.5th 719 (*Lee*). In *Lee*, the Fourth District Court of Appeal rejected a trial court's finding

that a three-day notice was invalid for failing to specify the person to whom the tenant could return possession of the subject property.  (*Id.* at pp. 726, 729-732.)  The court held that, by its terms, section 1161, subdivision 3 does not require such specification.  (*Id.* at p. 730.)

Strata misapprehends the basis of the trial court's ruling in this case, however.  Therefore, its reliance on *Lee* is misplaced.  In finding the Notice invalid and thus granting the motion for summary judgment, the trial court did not address whether, as a matter of law, a notice to pay or quit must inform a tenant that Saturdays, Sundays, and judicial holidays are excluded from the three-day calculation in order to be valid.  Rather, the trial court simply found that, by serving the Notice on Joo on a Saturday and therein informing him, without qualification, that he must pay or quit within three days of that service, the Notice deprived Joo of the full amount of time – three *court* days – allowed by statute.[6]

Specifically, as noted above, Strata served Joo with the Notice on Saturday, May 20, 2023.  The Notice demanded that Joo either pay the rent due or quit possession of the Property "within THREE (3) DAYS from the *date of service* of [the Notice] on [him]."  (Italics added.)  Therefore, by its terms, the Notice required Joo to pay or quit no later than Tuesday, May 23, 2023.  But under section 1161, subdivision 2,[7] which excludes from the

---

6    Had Strata served the Notice on a Monday, for example, assuming no intervening judicial holidays, the Notice would be facially valid in that three days from service would coincide with three court days.

7    Saturday, May 20, 2023 is not only excluded from the calculation due to section 1161, subdivision 2, but also because

three-day calculation Saturdays and Sundays and court holidays, Joo in fact had until Wednesday May 24 to perform to prevent an unlawful detainer action. By requiring his performance by Tuesday, May 23, 2023, the Notice was defective on its face.[8]

Indeed, the Legislature's 2018 amendment to section 1161 (effective January 1, 2019), adding the "excluding Saturdays and Sundays and judicial holidays" provision, specifically sought to vitiate the hardships that tenants previously faced when, based on the timing of a three-day notice's service, the response period included non-court days. The Legislature acknowledged that generally, under the previous law, "Saturdays, Sundays, and holidays count[ed]" for purposes of calculating the three-day notice period, such that landlords could catch tenants unaware by serving them with a notice on a Friday and then "fil[ing] an eviction lawsuit first thing on the following Tuesday, unless the tenant pays up or addresses the problem beforehand." (Sen. Com. on Judiciary, Analysis of Assem. Bill. No. 2343 (2017-2018 Reg. Sess.) as amended June 25, 2018, p. 2.) By "chang[ing] the method for calculating the three day window that a tenant has when served with a notice to pay . . . [to] exclude weekends and holidays[,]" the Legislature sought to give tenants "slightly more

---

"[t]he time in which any act provided by law is to be done is computed by excluding the first day . . . ." (§ 12.)

8    Strata's reliance on *Lamanna v. Vognar* (1993) 17 Cal.App.4th Supp. 4 is misplaced, as the appellate court there utilized an outdated method to calculate the tenant's deadline to pay or quit. (See *id.* at pp. 6-8 [applying Code of Civil Procedure section 12a and other related statutes to hold that where a tenant's deadline to respond to a three-day notice fell on a Saturday, Sunday, or other legal holiday, the deadline was extended to the next day].)

breathing room to make the necessary arrangements" "[d]epending on what day the notice was served," and to reduce the likelihood that tenants might "get caught by surprise." (*Ibid.*)

Accordingly, for the reasons discussed above, we agree with the trial court that the Notice was invalid because it did not afford Joo the full statutorily required period to pay rent or quit possession under section 1161, subdivision 2.

### 2. Strata Has Not Shown that the Defect in the Notice was Harmless

In the alternative, Strata argues that even if the Notice deprived Joo of the requisite period to respond, any defect was harmless. On this point, Strata emphasizes that it filed its operative complaint six days after serving Joo with the Notice, such that Joo "had more than the four [calendar] days afforded to him by law to comply with the" Notice's demands. As support, Strata cites *Schulman v. Vera* (1980) 108 Cal.App.3d 552 (*Schulman*). *Schulman* is inapposite.

There, on appeal from an adverse judgment in an unlawful detainer action, the tenants challenged the validity of the notice to pay rent or quit. (*Schulman, supra,* 108 Cal.App.3d at pp. 555, 563.) The tenants argued, in relevant part, that although their lease granted them five days to cure defaults in rent payments, the notice gave them only three days to do so. (*Id.* at p. 563.) The appellate court rejected their argument. (*Id.* at p. 564.) It explained that, despite the lease's provision of a five-day notice period, section 1161, subdivision 2 "specifically prescribes three days as the proper notice to be given for the cure of default in payment of rent, so the statutorily prescribed notice was given." (*Ibid.*)

9

Here, by contrast, the Notice did not give Joo the statutorily required time to pay or quit to avoid legal action. Consequently, *Schulman* does not apply, and Strata's argument based thereon fails.

### 3. Conclusion

By showing the Notice did not strictly comply with section 1161, subdivision 2's notice requirements, Joo carried his burden of demonstrating that there are no triable issues of material fact, and that Strata cannot prevail on its action for unlawful detainer as matter of law. (See *WDT-Winchester v. Nilsson*, *supra*, 27 Cal.App.4th at p. 526; § 437c, subd. (c).) The burden therefore shifted to Strata to show the existence of a triable issue of fact. (§ 437c, (p)(2).) As Strata has not done so, the trial court correctly entered summary judgment in Joo's favor. [9]

## II. Attorneys' Fees

Strata's argument for reversal of the order awarding attorneys' fees to Joo is premised entirely on the invalidity of the judgment. Having rejected Strata's challenges to the judgment, we affirm the trial court's finding that Joo was the prevailing party in this action and its order granting Joo's motion for attorneys' fees.

---

[9] Having reached this conclusion, we need not address Joo's arguments disputing the Notice's validity on other grounds.

## DISPOSITION

The judgment and the order awarding Joo his attorneys' fees are affirmed.  Joo is entitled to his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


GARCIA UHRIG, J.*

We concur:



ZUKIN, P.J.



MORI, J.

---

\*      Judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.