Filed 12/2/24  County of Kern v. Bloberg CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| COUNTY OF KERN,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD BLOBERG,<br><br>    Defendant and Appellant. | F087430<br><br>(Super. Ct. No. S1501DA803745)<br><br><br>**OPINION** |

**THE COURT**[*]

APPEAL from an order of the Superior Court of Kern County.  Cynthia L. Loo, Commissioner.

Richard Bloberg, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

In this child support enforcement proceeding, Richard Bloberg appeals from a January 2024 minute order containing a commissioner's recommended order.  The minute order is not appealable.  However, the March 2024 order by a superior court judge ratifying the commissioner's recommendation is appealable.  That order denied Bloberg's

---

[*]    Before Franson, Acting P. J., Peña, J. and De Santos, J.

request for an order vacating a default judgment entered by the Kern County Superior Court in June 2013.  Rather than dismiss the appeal because it was taken from a nonappealable minute order, we exercise our discretion and deem the appeal to be timely taken from the March 2024 ratification order.  (See Cal. Rules of Court, rule 8.104(d) [premature notice of appeal].)

Bloberg's motion to vacate the default judgment asserted service of the summons and complaint was defective and, therefore, the court lacked personal jurisdiction over him when it entered the default judgment.  In the trial court, the enforcement agency's opposition to Bloberg's motion raised a preliminary procedural issue—specifically, whether the motion should have been brought in the Los Angeles County Superior Court instead of the Kern County Superior Court.  This issue arose because the support orders in the default judgment were registered in the Los Angeles County Superior Court in September 2021.  Once a support order is registered with a superior court, "[f]urther proceedings regarding the obligor's support obligations shall not be filed in other counties."  (Fam. Code, § 5601, subd. (e); see Fam. Code, § 12 ["shall" is mandatory].)  We interpret the statute to mean Bloberg's motion was a *further proceeding* regarding the support obligations that could not be filed in Kern County.  We adopt this interpretation of "further proceedings" because the motion raises a claim or defense to "the validity of the underlying California support order" as that phrase is used in Family Code section 5603, subdivision (a).  Consequently, the motion should have been filed in Los Angeles County.  As a result, we do not reach the issues related to whether service of process was defective.

We modify the order denying with prejudice the request to vacate the default judgment to be without prejudice and, as modified, affirm the order.

2.

**FACTS AND PROCEEDINGS**

In January 2012, the Kern County Department of Child Support Services (DCSS) filed a complaint regarding parental obligations (Judicial Council form FL-600)[1] against Bloberg seeking support orders for a 12-month-old male child (M1). The support requested was $0 per month because Bloberg was incarcerated in state prison. DCSS asserted Bloberg was served with the summons and complaint at Wasco State Prison on May 14, 2012, and the proof of service was filed with the trial court four days later.[2]

Bloberg did not file an answer to the complaint or a motion to "quash service of the summons on the ground of lack of jurisdiction of the court over him[.]" (Code Civ. Proc., § 418.10, subd. (a)(1); see generally, Fam. Code, §§ 2102 [proceedings while motion to quash service is pending], 3409, subd. (a) [participation in child custody proceedings without becoming subject to personal jurisdiction in California].) In September 2012, DCSS filed a request to enter default. (See Cal. Rules of Court, rule 5.401(a) [entry of default in family law matters if defendant does not make an appearance or file a motion to quash service of summons].) The same day, the trial court entered default as requested and filed a default judgment regarding parental obligations.

In October 2012, the DCSS filed a first supplemental complaint regarding parental obligations seeking to modify the support orders for M1 and obtain orders establishing paternity and support for a 10-month-old male child (M2). DCSS contends Bloberg was

---

[1]    Subsequent references to Judicial Council forms provide only the form's letters and number.

[2]    Service of a summons and complaint upon an inmate in a California prison is addressed by Penal Code section 4013 and Code of Civil Procedure section 416.90. (See *Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 858–859 [husband moved to set aside a default and default judgment on the ground service of process was defective; appellate court concluded mailing summons and complaint to prison's litigation coordinator satisfied statutory requirements for service]; see also, *Crane v. Dolihite* (2021) 70 Cal.App.5th 772, 787 [service on an inmate pursuant to Pen. Code, § 4013 and § 14010.7 of the Department Operations Manual (2021) of CDCR].)

served with the summons and complaint at Antelope Conservation (Fire) Camp #25 in Susanville in March 2013. The proof of service for the supplemental complaint was filed with the trial court on May 13, 2013. Bloberg did not answer the supplemental complaint or file a motion to quash service of summons.

On June 17, 2013, DCSS filed a request to enter default judgment (FL-620) with a supporting declaration for default or uncontested judgment (FL-697). The same day, the trial court entered default as requested and filed a first supplemental judgment regarding parental obligations (FL-630). The supplemental judgment set support for each child at $0 per month, ordered Bloberg to pay one half of reasonable uninsured health care costs for the children, and ordered him to provide and maintain health insurance coverage if available at no or reasonable cost.

*Registration of Support Order*

In September 2021, over eight years after the supplemental judgment was filed, a notice of registration of California support order (FL-651) was filed in Los Angeles County Superior Court case No. 21CWCS09566. DCSS contends a notice regarding payment of support (FL-632) was filed the same day and the notice substituted the Los Angeles County Child Support Services Division (LACSSD) as payee for the support payments. DCSS contends the transfer was initiated because (1) the other parent, M1, and M2 were residing in and receiving public assistance in Los Angeles County and (2) LACSSD had case management responsibility since 2020. A copy of the notice of registration was filed in the Kern County Superior Court on September 21, 2021. A notification at the bottom of the notice of registration form stated: "All future proceedings regarding the registered support order must be filed in the court specified above under Family Code section 5601." The specified court was the Los Angeles County Superior Court.

A DCSS declaration asserted no challenge to the registration of the support order was timely filed. Under Family Code section 5603, subdivision (a), child support

4.

obligors such as Bloberg "shall have 20 days after the service of notice of the registration of a California order of support in which to file a noticed motion requesting the court to vacate the registration or for other relief."

*Motion to Modify Support Order*

In June 2023, about 21 months after the support orders were registered with the Los Angeles County Superior Court, the other parent of M1 and M2 requested LACSSD to review the $0 support order. In August 2023, LACSSD filed a notice of motion to modify support in the Los Angeles case. The motion to modify was heard on October 18, 2023. DCSS asserts that at the October hearing, Bloberg was directed by a judicial officer, LACSSD staff, or both to file his request to set aside the default judgment in the Kern County Superior Court. The hearing on LACSSD's motion to modify support was continued to February 20, 2024.

*Bloberg's Request to Vacate Default Judgment*

In November 2023, Bloberg filed a request for order (FL-300) with the Kern County Superior Court challenging the default judgment. Bloberg stated he was asking for the case to be closed because he was never served, paternity was never established, and his right to due process had been violated. He also requested the court to vacate the default judgment and cancel default arrears, asserting he was incarcerated when the default judgment took place and he was never served. The facts provided by Bloberg in support of his request were: "1. Violating my rights to due process 14th Amendment. [¶] 2. Paternity was never established at time of case. [¶] 3. Aggravated Identity theft without my consent. [¶] 4. 5th and 6 Amendment violations." Bloberg also filed an income and expense declaration stating he had no income the prior month and had no assets.

Bloberg's papers included a stipulation and order waiving unassigned arrears (FL-626) that referred to child support arrears in the principal amount of $11,100. The stipulation was not signed by the other parent or LACSSD.

5.

Bloberg also filed a declaration (MC-030) with attachments consisting of (1) a notice of special appearance, (2) a form COL (color of law) titled "Violation Warning" addressed to the commissioner of the superior court, and (3) a request for judicial notice of a United States Department of Justice, Civil Rights Division (DOJ) letter dated March 14, 2016 intended to "provide greater clarity to state and local courts regarding their legal obligations with respect to fines and fees" and "address some of the most common practices that run afoul of the United States Constitution and/or other federal laws[,]" and a revised and updated DOJ letter dated April 20, 2023. Bloberg's declaration did not acknowledge the existence of the proofs of service DCSS filed with the superior court in May 2012 and May 2013 for the original and supplemental complaints. (See Code Civ. Proc., § 417.30 [filing proof of service].) As a result, his declaration did not set forth any facts showing the proofs of service were inaccurate or the service they described was defective. (See Code Civ. Proc., § 417.10 [service within state].)[3]

Bloberg's moving papers also included a proposed answer to the supplemental complaint regarding parental obligations (FL-610) stating the paternity of M1 and M2 had never been established and there was (1) insufficient service of process, (2) aggravated identity fraud, (3) fraud, and (4) a violation of his due process rights. The

---

[3] The service of a summons issued by a California superior court in a civil action is governed by a five-article chapter of the Code of Civil Procedure. (*Crane v. Dolihite*, *supra*, 70 Cal.App.5th at p. 784; see Code Civ. Proc., §§ 413.10–417.40.) Two of the four usual methods for serving process are (1) service by personal delivery to defendant or someone authorized by law to accept the summons on defendant's behalf and (2) service by mail with an acknowledgment of receipt. (*Crane v. Dolihite*, *supra*, at p. 786; see Code Civ. Proc., §§ 415.10 [personal service], 415.30 [service by mail]; Pen. Code, § 4013 [service on an incarcerated person]; see also, *Sakaguchi v. Sakaguchi*, *supra*, 173 Cal.App.4th at p. 859 [incarcerated defendant properly served by mailing process to litigation unit coordinator at state prison with an acknowledgement of receipt pursuant to Code Civ. Proc., § 415.30].) Service that complies with the California statutes provides constitutionally adequate notice of the court proceeding and, thus, satisfies the due process clause of the federal and state constitutions. (*Crane v. Dolihite*, *supra*, at p. 784.)

proposed answer may have been an attempt to comply with a provision in Code of Civil Procedure section 473, subdivision (b) stating an application for relief from a judgment or order "shall be accompanied by a copy of the answer or other pleading proposed to be filed therein[.]" (See *Carmel, Ltd. v. Tavoussi* (2009) 175 Cal.App.4th 393, 401 [defendants substantially complied with requirement to submit a proposed answer with a motion to vacate a default judgment under Code of Civ. Proc. § 473].)

*Response of DCSS*

In December 2023, an attorney for the Kern County DCSS appeared on behalf of LACSSD and filed a responsive declaration to request for order (FL-320). The declaration set forth the history of DCSS's contact with Bloberg since the birth of M1, including meetings with him in 2015 and 2016 through the video conference kiosk at the Lerdo Detention Facility and four in-person meetings with him from March 2019 through January 2020. The latter meetings discussed the release of Bloberg's driver's license and the balances in all his open cases, including this one. (See Fam. Code, § 17520 [notification to Department of Motor Vehicles of obligors not in compliance with support orders].) The declaration also asserted Bloberg signed a voluntary declaration of parentage in February 2011 (about three weeks after M1 was born) and the declaration has never been rescinded or set aside.

DCSS's responsive declaration also set forth four grounds for denying Bloberg's motion. First, DCSS argued Bloberg's motion probably should have been filed in the Los Angeles case in accordance with Family Code section 5601, subdivision (e). Second, DCSS asserted the motion was untimely under the 20-day period set forth in Family Code section 5603. Third, DCSS argued the request was untimely under all available grounds. Fourth, DCSS asserted Bloberg presented no evidence challenging the proofs of service and rebutting the presumption of valid personal service of the initial and supplemental summons and complaints. DCSS argued the record showed Bloberg was, in fact, personally served while he was incarcerated and, thus, the court had personal jurisdiction

7.

over him.  Accordingly, DCSS concluded that applicable "substantive and procedural due process requirements were met and the time to vacate the judgment has lapsed" and requested the trial court to refer all other issues back to the Los Angeles County Superior Court.

*Bloberg's Reply*

In December 2023, Bloberg filed a declaration with attachments replying to DCSS's response.  One attachment was titled "LEGAL NOTICE" and stated (1) Bloberg did not consent to participation in the voluntary child support program or the voluntary acknowledgement of paternity; (2) he was making a special appearance that required the court to prove it had personal jurisdiction of the body of Richard Bloberg; (3) the coercion of his actions or decisions when he was under duress to deprive him of liberty or property infringed upon his constitutionally protected right to due process; (4) he was demanding tangible evidence that the DCSS was in compliance with 45 C.F.R. section 303.5(g)(2)(i)(A)-(D); and (5) he had not abandoned the offspring, they were not dependent or needy of government assistance, and he objected (pursuant to 42 U.S.C. § 1301(d)) to the agency taking charge of the offspring and participating in the voluntary support program.  Bloberg also asserted a failure to respond to his demand and objection would "be interpreted as an admission of guilt and a waiver of any opposition to the restoration demand."

Another attachment was labeled "OBJECTION."  It also stated the court lacked his consent and must prove personal jurisdiction over the body of Richard Bloberg as he was making a special appearance.  In that document, Bloberg demanded "an immediate dismissal on the grounds the agency for the State Child Support Enforcement and state court lacks personal jurisdiction over the Defendant, who is a living man, a state-citizen and not a person[.]"  After the word "person," Bloberg included a footnote that referred to 42 United States Code section 1301(a)(3), which states:  "The term 'person' means an individual, a trust or estate, a partnership, or a corporation."  Bloberg offered no

8.

explanation of why he was not an individual and, thus, was not a person under this definition. (See *Thaler v. Vidal* (Fed.Cir. 2022) 43 F.4th 1207, 1211 [when used in a statute, "individual" refers to human beings].) The "OBJECTION" also asserted that because of a procedural error the judgment in the Kern County case was void pursuant to Federal Rules of Civil Procedure, rule 60(b)(4) (28 U.S.C.).[4]

The affidavit of Bloberg included in his reply papers stated the court had entered an order requiring him to pay child support on June 17, 2013, and the order violated his due process right because it was entered without proper notice or an opportunity to be heard. The affidavit also stated: "I was not properly served with the petition or notice of the hearing. I did not receive notice of hearing until after the order was entered."

"

---

[4] The Kern County Superior Court is not a federal court and, therefore, its proceedings are not subject to the Federal Rules of Civil Procedure. The federal constitution and federal statutes allow states to adopt their own procedural rules, provided those rules meet the minimum standards (i.e., limits) imposed by the federal constitution, such as due process and equal protection. The United States Supreme Court has recognized that "California state courts may exercise personal jurisdiction 'on any basis not inconsistent with the Constitution of [California] or of the United States.'" (*Daimler AG v. Bauman* (2014) 571 U.S. 117, 125; see Code Civ. Proc., § 410.10.)

"[U]nder federal law, as under California law, improper service may render a default judgment void." (*California Capital Insurance Co. v. Hoehn* (Nov. 18, 2024, S277510) __ Cal.5th __ [2024 WL 4812045 at *10, fn. 10, 2024 Cal. LEXIS 6438 at *27, fn. 10].) Relief from a void federal judgment is authorized by Federal Rules of Civil Procedure, rule 60(b)(4). Similarly, Code of Civil Procedure section 473, subdivision (d) provides: "The court may … on motion of either party after notice to the other party, set aside any void judgment or order." (See *In re Marriage of Mansell* (1989) 217 Cal.App.3d 219, 227 [husband asserted judgment was void for want of subject matter jurisdiction, which is a proper basis under Code of Civil Procedure section 473 for attacking a judgment, but his argument failed to establish a lack of jurisdiction].) We do not reject Bloberg's request to vacate the default judgment because he relied on an inapplicable federal rule. Rather, we interpret his request as though he brought it under the appropriate statute, Code of Civil Procedure section 473, and common law.

*Trial Court Proceedings*

On January 2, 2024, a hearing on Bloberg's request for order setting aside the judgment was held before a commissioner. There was no court reporter at the hearing. Bloberg and an attorney for DCSS were present in court and the other parent appeared by audio/video communications. Bloberg did not stipulate to the commissioner acting as a temporary judge of the superior court. The unsigned minute order stated both Bloberg and the other parent were duly sworn and testified. It also stated: "The Court makes the following findings and orders: [¶] [Bloberg's] request to vacate the Default Judgement is denied with prejudice. [¶] Matter is referred to Presiding Judge for review."

Six days after the hearing, Bloberg filed a notice of appeal (APP-002). An attachment to the notice of appeal stated the commissioner committed several errors, including failing to acknowledge (1) the summons and complaint were signed by a deputy clerk rather than the clerk and federal law provides that any writs or documents under seal of the court must be signed by the clerk thereof, not by a deputy clerk,[5] and (2)

---

[5]     Bloberg cited 28 United States Code section 1691, which provides: "All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof." This statute does not apply to the Kern County Superior Court because it is not "a court of the United States." However, a similar state statute applies to summons issued by California superior courts. Code of Civil Procedure section 412.20 provides that a "summons shall be … signed by the clerk and issued under the seal of the court in which the action is pending[.]" (See Code Civ. Proc., § 412.10 [issuance of copy of summons by the clerk, who "shall keep each original summons in the court records"].) The federal and state statutes do not prohibit a deputy clerk from signing the process or summons. In *Scanbe Mfg. Co. v. Tryon* (9th Cir. 1968) 400 F.2d 598, the Ninth Circuit reversed a district court's determination that an injunction signed only by a deputy clerk of the district court was void. In *Hershenson v. Hershenson* (1962) 205 Cal.App.2d 382, the Second District stated: "The omission of the name of the deputy clerk who signed the original summons is merely an informality which could not possibly prejudice the defendant's rights or in any way mislead him." (*Id*. at pp. 385–386; see *Ystrom v. Handel* (1988) 205 Cal.App.3d 144, 151–152 [summons conformed to original but lacked the court's seal and the clerk's signature; omissions were a mere technicality and did not render summons "substantially defective"].)

the documents filed in the case were fraudulent and were used to extort money from him. The attachment also quoted a federal regulation and incorrectly cited it as a federal statute.[6]

The attachment to the notice of appeal also asserted the commissioner failed to read Bloberg's motion, affidavit, and the color of law form, which deprived him of his civil rights; failed to honor his special appearance and his challenge to her jurisdiction; was biased in favor of the DCSS lawyers; failed to honor her oath of office; and put her ethics in question by rolling her eyes when Bloberg spoke, by rocking back and forth in her chair, not understanding the federal law Bloberg raised, and by not knowing the courtroom had a seal of the state until he pointed it out. The attachment also stated that, under the Supremacy Clause, Bloberg was entitled to use federal law in her courtroom and the commissioner never established jurisdiction at any time during the proceedings.

On February 1, 2024, the commissioner signed and the superior court filed "FINDINGS AND RECOMMENDATION OF COMMISSIONER" (FL-665). All of item 5 (the commissioner's recommendations) was left blank except the final entry, which began with a preprinted line stating, "The court further recommends (*specify*)." After this line, the commissioner inserted: "The Court denies with prejudice the Respondent's Request for Order. All other matters concerning the issue of support are referred back to the Superior Court of the County of Los Angeles." The clerk's certificate of service or mailing stated the findings and recommendation of commissioner was mailed to DCSS and also was mailed to Bloberg at an apartment in Bakersfield.

---

[6]     The text Bloberg quoted is contained in the International Traffic and Arms Regulation, which appears in the Code of Federal Regulations and states it is unlawful to use "any export or temporary import control document containing a false statement or misrepresenting or omitting a material fact for the purpose of exporting, transferring, … obtaining, or furnishing any defense article, technical data, or defense service." (22 C.F.R. § 127.2(a).) This regulation has no application to a child support proceeding brought in state court under California's Family Code.

On March 19, 2024, Superior Court Judge Lisa M. Pacione signed a "REVIEW OF COMMISSIONER'S FINDINGS OF FACT AND RECOMMENDATION" (FL-667) and checked the box to item 3 of the form. That item states: "No objection having been filed within 10 court days, the findings of fact and recommended order of the Commissioner are ratified. Each of the parties is ordered to comply with all the terms of the order."

## DISCUSSION

### I.     APPEALABILITY

The general rules regarding appealability are well established. "In California, the right to appeal is governed solely by statute and, except as provided by the Legislature, the appellate courts have no jurisdiction to entertain appeals. An appealable judgment or order is essential to appellate jurisdiction, and the court, on its own motion, must dismiss an appeal from a nonappealable order." (*Art Movers, Inc. v. Ni West, Inc.* (1992) 3 Cal.App.4th 640, 645.) Consequently, "[i]n the absence of a statute authorizing an appeal, we lack jurisdiction to review a case[.]" (*Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1083; *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696 ["A trial court's order is appealable when it is made so by statute."].)

In August 2024, we issued an order notifying Bloberg "that this court is considering, on its own motion, dismissing this appeal because the January 2, 2024 minute order … might not be an appealable order." We directed Bloberg to submit an informal letter brief explaining why the January 2, 2024 minute order was an appealable order.

Bloberg's letter brief stated Code of Civil Procedure section "904.1 permits appeals in civil cases when the decision in question involves a final judgment or order" and asserted "the lower court's decision directly affects my financial responsibilities and

12.

my ability to provide for my child, which constitutes a substantial and final judgment under this code."

We note the child support commissioner was not acting as a temporary judge at the January 2, 2024 hearing because Bloberg objected to her acting in that capacity. (See Fam. Code, § 4251, subd. (b) ["commissioner shall act as a temporary judge unless an objection is made"].) When such an objection is made, "the commissioner may hear the matter and make findings of fact and a recommended order." (Fam. Code, § 4251, subd. (c).) A commissioner's recommended order is not a final order. Furthermore, a commissioner's recommended order is not among the appealable orders listed in Code of Civil Procedure section 904.1. Also, a recommended order is not made appealable by another statute. Consequently, we conclude the unsigned minute order is not an appealable order.

We, however, will not dismiss Bloberg's premature appeal because, pursuant to our discretionary authority, we will treat the appeal as being taken from the superior court judge's March 19, 2024 order (FL-667) that ratified the February 1, 2024 "FINDINGS AND RECOMMENDATION OF COMMISSIONER" (FL-665). (See Cal. Rules of Court, rule 8.104(d) [premature notice of appeal]; *Barron v. Santa Clara County Valley Transportation Authority* (2023) 97 Cal.App.5th 1115, 1122 [appellate court exercised its discretion to deem a premature appeal as taken from subsequent order].)

We construe the March 2024 order as an order denying a motion by Bloberg to set aside the default and the default judgment pursuant to Code of Civil Procedure section 473 and the common law. Such an order is appealable. (*Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1137; see Code Civ. Proc., § 904.1, subd. (a)(2) [appeal of a postjudgment order].)

II.    PROPER COUNTY FOR THE MOTION TO VACATE

The "FINDINGS AND RECOMMENDATION OF COMMISSIONER" (FL-665) did not contain any factual findings and did not explain why the commissioner recommended denying Bloberg's motion to vacate the default judgment. As a result, the commissioner's recommendation to deny the motion may have been based on procedural grounds or on the merits.

Our examination of the superior court's order begins with the first procedural ground raised in DCSS's responsive declaration because that ground goes to the court's authority to hear and decide the motion. DCSS asserted Bloberg's "motion likely should have been filed in the county in which the support order is now registered, *i.e.*, Los Angeles County Superior Court." DCSS supported its argument about proper venue by citing subdivision (e) of Family Code section 5601, which states: "Upon registration [of a child support order], the clerk of the court shall forward a notice of registration to the courts in other counties and states in which the original order for support and any modifications were issued or registered. *Further proceedings regarding the obligor's support obligations shall not be filed in other counties*." (Italics added; see Fam. Code, § 12 ["shall" is mandatory].)

The application of the italicized statutory text to the facts of this case presents the question of whether Bloberg's motion to vacate was a "[f]urther proceeding[] regarding [his] support obligations[.]" (Fam. Code, § 5601, subd. (e); see generally, *In re Marriage of Straeck* (1984) 156 Cal.App.3d 617, 622–624 [under the former Revised Uniform Reciprocal Enforcement of Support Act, the county of registration was the proper venue for a request to modify a child support order].) This question involves the interpretation of a statute and the application of that interpretation to the procedural history of this case, which is not disputed. Such a question is a legal issue and, thus, is subject to our independent (i.e., de novo) review. (*Davis Boat Manufacturing-Nordic, Inc. v. Smith* (2023) 95 Cal.App.5th 660, 672 [the interpretation and application of a statute are

14.

questions of law; appellate courts are not bound by the trial judge's interpretation but decide the questions anew].)

Our resolution of the question of statutory interpretation is aided by the statute's provision addressing motions to vacate a registration order. (See *Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737 [when construing a statute, courts examine the language "in the context of the statutory framework as a whole"].) Family Code section 5603, subdivision (a) provides that obligors have 20 days after service of the notice of registration "to file a notice motion requesting the court to vacate the registration or *for other relief*." (Italics added.) It also provides "the claims or defenses shall be limited strictly to the identity of the obligor, *the validity of the underlying California support order*, or the accuracy of the obligee's statement of the amount of support remaining unpaid unless the amount has been previously established by a judgment or order." (Fam. Code, § 5603, subd. (a), italics added.)

We have located no published decision interpreting Family Code sections 5601 through 5603. A practice guide describes the final sentence of Family Code section 5601, subdivision (e) as a " 'venue shift' " that transfers venue for future support proceedings to the county where the order has been registered. (Hogoboom, et al., Cal. Practice Guide: Family Law (The Rutter Group 2024) ¶ 18:817.) This description is general in nature and does not aid the analysis of whether a motion to vacate a default judgment containing child support orders is a "[f]urther proceeding[] regarding the obligor's support obligations[.]" (Fam. Code, § 5601, subd. (e).)

In determining the meaning of the term "[f]urther proceedings," we consider its relationship to Family Code section 5603, subdivision (a)'s statement that, in an action under its provisions, "the claims or defenses shall be limited strictly to … the validity of the underlying California support order" and two other grounds not relevant to this appeal. If the claim or defense is one authorized by Family Code section 5603, subdivision (a), we conclude the mechanism for raising that claim or defense (here, a

15.

motion) results in a *further proceeding* for purposes of Family Code section 5601, subdivision (e).

Consequently, we next consider whether Bloberg's motion to vacate the default judgment (which contains the support orders) on the ground the judgment is void due to defective personal service constitutes a claim or defense involving "the validity of the California support order." (Fam. Code, § 5603, subd. (a).) Under California law, "[a] judgment is void for lack of jurisdiction of the person where there is no proper service of process on or appearance by a party to the proceedings." (*David B. v. Superior Court* (1994) 21 Cal.App.4th 1010, 1016; *Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1444 ["a default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void"].)[7] Consequently, if an obligor can establish service of process was defective, the judgment and any support order contained in the judgment is void. As a result, we conclude Bloberg's challenge is a claim or defense involving "the validity of the California support order" and his motion seeks "other relief" as those phrases are used in Family Code section 5603, subdivision (a).

Reading Family Code sections 5601 and 5603 together, we conclude Bloberg's motion to vacate the default judgment was a further proceeding that Family Code section 5601, subdivision (e) prohibits being filed in a county other than the county where the support order is registered. Consequently, the Family Code required Bloberg to file his motion in the Los Angeles County Superior Court.

This conclusion leads to the further conclusion that the Kern County Superior Court lacked the authority to reach the other procedural questions raised by DCSS or the merits of Bloberg's motion to vacate the default judgment. Consequently, we will modify

---

[7]     Contrary to the suggestion in DCSS's responsive declaration, "[k]nowledge by a defendant of an action will not satisfy the requirement of adequate service of a summons and complaint." (*County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1226.)

16.

the portion of the order denying the motion *with prejudice* to be without prejudice. Whether Bloberg can challenge the default judgment as void in the Los Angeles Superior Court is an issue not reached in this appeal and, therefore, this opinion should not be interpreted as implying, one way or the other, how that issue should be decided.

## DISPOSITION

The order denying with prejudice Bloberg's request for an order vacating the default and the default judgment is modified to be without prejudice. As modified, the order is affirmed.

The parties shall bear their own costs on appeal because respondent did not appear before this court. (See Cal. Rules of Court, rule 8.278(a)(5).)