Filed 4/10/18 (transfer denied 5/8/18)

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| ANDY HSIEH, | ) | No. BV 032412 |
| | ) | |
| Plaintiff and Appellant, | ) | Central Trial Court |
| | ) | |
| v. | ) | No. 17U04777 |
| | ) | |
| BURTON PEDERSON et al., | ) | |
| | ) | |
| Defendants and Respondents. | ) | **OPINION** |
| | ) | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Central Trial Court, Lisa K. Sepe-Wiesenfeld, Judge.  Reversed.

Allen R. King of the Law Office of Allen R. King, Los Angeles, for plaintiff and appellant Andy Hsieh.

No appearance for defendants and respondents.

\*          \*          \*

In this residential unlawful detainer matter, plaintiff Andy Hsieh timely appeals the judgment entered in favor of defendants Aaron Barrios and Jacqueline Mor after the trial court granted defendants' motion for judgment on the pleadings. We find meritorious plaintiff's contention that because he did not prematurely file the complaint, the trial court erred by granting defendants' motion for judgment on the pleadings.

BACKGROUND

On April 22, 2017, plaintiff personally served defendants with a 14-day notice to pay rent or quit (notice)[1] the premises located at 412 E. 65th Street in Los Angeles, California 90003 (the premises). The notice indicated defendants owed past due rent in the amount of $8,400 for the months of January through April 2017, and instructed defendants how to make payment to the owner. The notice identified the owner as Andy Hsieh and Nicole Hsieh. The pertinent parts of the notice were as follows:

> "**YOU ARE HEREBY REQUIRED** within **FOURTEEN (14)** days after
> service on you of this notice to pay the . . . rent in full to the owner of the
> premises, OR to QUIT AND SURRENDER POSSESSION OF THE PREMISES.
> "¶. . .¶
> "Make Check Payable to: Andy Hsieh
> "Pay Rent to: Andy Hsiesh
> "Address: 21725 Gateway Center Dr. Diamond Bar, CA 91765
> "Phone: 909-860-6255"
> "Hours/Days available: 9am to 5:30pm Monday to Friday." (Original
> underlining.)

On May 10, 2017, plaintiff served defendants with an unlawful detainer complaint seeking restitution and possession of the premises. The pertinent allegations of the complaint were that defendants were served on April 22, 2017, with a 14-day notice to pay or quit, and failed to comply with the notice. A copy of the notice was attached to the complaint as an

---

[1] As contained in the record on appeal, the notice is not accompanied by a proof of service.

exhibit. On May 22, 2017, defendants filed their answer and raised as a defense that the notice was defective.

On June 23, 2017, defendants filed a motion for judgment on the pleadings on the ground plaintiff did not comply with section 1161, subdivision (2),[2] because he filed the complaint before expiration of the 14-day period stated in the notice. Defendants argued that because the notice required personal delivery to plaintiff at the given address from Monday through Friday, calculation of the 14-day period excluded weekends, such that their last day to pay the delinquent rent was Thursday, May 11, 2017. According to defendants, the May 10, 2017 complaint was filed on the 13th day, which was prior to expiration of the 14-day period, and failed to give them a "meaningful opportunity" to pay during the notice period.

In his opposition, plaintiff argued that under section 1161, subdivision 2, he was only required to give defendants three days' notice, and since the 14-day period exceeded the three-day minimum requirement, the motion should be denied. He further argued that Saturdays and Sundays were to be counted in calculating the notice period, and if the 14th day fell on a weekend, then the rent was due the following Monday.

On June 26, 2017, the cause was called for hearing on defendants' motion. The court heard argument and took the matter under submission. On June 30, 2017, the court issued a three-page ruling granting defendants' motion. The court found that the requirement in the notice "to pay only Monday through Friday limited the tenant's ability to pay within the full 14 day period and that the complaint was filed prematurely on May 10th, as the 14th [day] would have been May 11th."

On the same date, the court entered judgment in favor of defendants and against plaintiff. This timely appeal followed.

## DISCUSSION

Plaintiff contends that the notice complied with section 1161, subdivision 2; that the notice allowed for tender of payment either in person or by mail; and that the complaint was filed after the full 14-day notice period expired such that it was not premature. We agree.

---

[2]Unspecified statutory references are to the Code of Civil Procedure.

*Standard of Review*

Our review of a judgment on the pleadings is de novo (*People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777), and issues of statutory interpretation are questions of law that are likewise subject to our independent or de novo review. (*Blaich v. West Hollywood Rent Stabilization Dept.* (2011) 195 Cal.App.4th 1171, 1175.) "'A judgment on the pleadings in favor of the defendant is appropriate when the complaint fails to allege facts sufficient to state a cause of action. [Citation.] A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review.' [Citation.] 'All properly pleaded, material facts are deemed true, but not contentions, deductions, or conclusions of fact or law. . . .' [Citation.]" (*People ex rel. Harris v. Pac Anchor Transportation, Inc.*, *supra*, 59 Cal.4th at p. 777.) Because the complaint incorporated the 14-day notice to pay or quit, it is part of our review. (*Cohen v. Ratinoff* (1983) 147 Cal.App.3d 321, 327.)

*Section 1161, Subdivision 2 and Statutory Construction*

Section 1161, subdivision 2, governs the contents of a notice to pay rent or quit. The statute provides, in relevant part, that a tenant is guilty of unlawful detainer for the nonpayment of rent "[w]hen he or she continues in possession . . . without the permission of his or her landlord, . . . after default in the payment of rent, pursuant to the lease or agreement under which the property is held, and three days' notice,[3] in writing, requiring its payment, stating the amount which is due, the name, telephone number, and address of the person to whom the rent payment shall be made, and, if payment may be made personally, the usual days and hours that person will be available to receive the payment (provided that, if the address does not allow for personal delivery, then it shall be conclusively presumed that upon the mailing of any rent or notice to the owner by the tenant to the name and address provided, the notice or rent is

---

[3]Although the parties' written agreement is not before us, we note it is well established that parties may, in their lease, provide for termination of the leasehold based on a notice period longer than that prescribed by statute. (*Fifth & Broadway Partnership v. Kimny, Inc.* (1980) 102 Cal.App.3d 195, 200; *Devonshire v. Langstaff* (1935) 10 Cal.App.2d 369, 372.) In the instant matter, the length of the notice period — 14 days — has not been disputed. Accordingly, our analysis presumes the lease contained a provision for 14 days' notice of termination.

deemed received by the owner on the date posted, if the tenant can show proof of mailing to the name and address provided by the owner) . . . ."

"'Under general settled canons of statutory construction, we ascertain the Legislature's intent in order to effectuate the law's purpose. [Citation.] We must look to the statute's words and give them their "usual and ordinary meaning." [Citation.] "The statute's plain meaning controls the court's interpretation unless its words are ambiguous. If the plain language of a statute is unambiguous, no court need, or should, go beyond that pure expression of legislative intent."' [Citation.]" (*In re Jose S.* (2017) 12 Cal.App.5th 1107, 1113.) In examining the statute, we are guided by two applicable principles. "First, statutory language is to be understood in context, with the whole of a statute considered when attempting to construe each part. [Citations.] Second, the Legislature does not engage in idle acts, and no part of its enactments should be rendered surplusage if a construction is available that avoids doing so. [Citations.]" (*Mendoza v. Nordstrom, Inc.* (2017) 2 Cal.5th 1074, 1087.)

Under the clear language of the statute, the decision to allow personal payment of the rent, *in addition to allowing payment by mail by the tenant*, is up to the landlord. This is evident from the conditional clause that follows the text in the statute specifying the information that must be included in the notice—the amount of outstanding rent, and the name, telephone number, and address of the person to whom the rent shall be paid. The conditional clause, which begins with "if payment *may* be made personally" (italics added), sets forth the additional information that must be included in the notice if the landlord is willing to allow the rent to be personally delivered.

Thus, under the statute, if plaintiff served a 14-day notice and elected to give defendants *an option to pay their delinquent rent personally*, then he was required to include in the notice amount of rent due, the name, address, and telephone number of the person to whom the rent payment was to be made, and the usual days and hours that the person identified was available to receive the payment. In contrast, a landlord who elects to receive the delinquent rent *by mail only* is simply required to include in the notice the amount of rent due, the name and address of the person to whom the rent payment shall be mailed, and a telephone number for that person.

5

*The Notice Was Valid*

The inclusion of the weekday hours that Hsieh was available to receive payment and/or phone calls did not preclude payment by mail. The notice contained a street address, and there was no language indicating payment was required to be made in person rather than by mail. As such, there was no basis for the court to conclude that the notice required defendants to deliver their payment to Hsieh in person. The trial court's finding that the notice "doesn't provide another way to pay except for in person service" is unsupported by the record and the plain meaning of the statute. The notice gave defendants the option to either mail or personally deliver their payment to Hsieh. (*Smiley v. Citibank* (1995) 11 Cal.4th 138, 146; *Schabarum v. California Legislature* (1998) 60 Cal.App.4th 1205, 1216 [in reviewing an order on a motion granting judgment on the pleadings, we do not defer to the trial court's analysis].)

*The Complaint Was Not Premature*

Where an unlawful detainer proceeding is based on the tenant's breach, the cause of action does not arise until the expiration of the notice period without the default being cured by the tenant. (§ 1161, subd. 2; *Downing v. Cutting Packing Co.* (1920) 183 Cal. 91, 95-96.) The complaint cannot be filed until the full notice period has expired, since the tenant is not guilty of unlawful detainer until the full three days — or in the instant matter, 14 days — have expired. (*Nicolaysen v. Pacific Home* (1944) 65 Cal.App.2d 769, 773 ["tenancy is not terminated upon the giving of the notice but upon the expiration of the period therein specified"]; *Lamanna v. Vognar* (1993) 17 Cal.App.4th Supp. 4, 6 ["cause of action for unlawful detainer does not arise until the three days required for proper notice have expired without the tenant having paid the rent during that time"].) A complaint which is filed prior to expiration of the full notice period can be dismissed as premature. (*Lamanna v. Vognar*, *supra*, 17 Cal.App.4th at pp. Supp. 7-8 [landlord's complaint was premature and had to be dismissed]; *Highland Plastics, Inc. v. Enders* (1980) 109 Cal.App.3d Supp. 1, 7.)

In the case *sub judice*, the complaint alleged the notice was personally served on defendants on April 22, 2017. Although the record does not include a proof of service, defendants did not dispute the date of service in their motion, and properly pled facts are

6

deemed true.  (*People ex rel. Harris v. Pac Anchor Transportation, Inc.*, *supra*, 59 Cal.4th at p. 777.)  Accordingly, we utilize April 22, 2017, to calculate that the 14th day therefrom fell on May 6, 2017.  Because the complaint was filed four days later on May 10, 2017, it was not premature.

DISPOSITION

The judgment is reversed.  Plaintiff to recover costs on appeal.


_____
P. McKay, P. J.

We concur:


_____                           _____
Kumar, J.                                          Ricciardulli, J.