Filed 5/11/26

CERTIFIED FOR PUBLICATION

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| SVF GROSVENOR DEL REY CORPORATION, | ) ) | 25APLC00345 |
| Plaintiff and Appellant, | ) ) | Santa Monica Trial Court |
| v. | ) ) | No. 24SMUD01598 |
| LISA SCHWARZ, | ) ) | |
| | ) | **OPINION** |
| Defendant and Respondent. | ) ) | |

APPEAL from a judgment of the Superior Court of Los Angeles County, George F. Bird, Judge.  Affirmed.

Ashley N. Rossetto, Kimball, Tirey & St. John LLP, for Plaintiff and Appellant SVF Grosvenor Del Rey Corporation.

Eric M. Post, BASTA, Inc. for Defendant and Respondent Lisa Schwarz.

\* \* \*

We have previously examined the information a landlord must provide to a tenant in an eviction notice in order to comply with Code of Civil Procedure section 1161, subdivision (2) (1161(2)).  (See, e.g., *Hsieh v. Pederson* (2018) 23 Cal.App.5th Supp. 1, 5 (*Hsieh*); *Foster v. Williams* (2014) 229 Cal.App.4th Supp. 9, 14 (*Foster*).)  Because deficient notice is fatal to an unlawful detainer action, we publish the present opinion to provide continuing guidance in the interpretation of 1161(2).

Plaintiff SVF Grosvenor Del Rey Corporation appeals the unlawful detainer judgment entered against it in favor of defendant Lisa Schwarz, following the court's granting of defendant's motion for judgment on the pleadings.  As discussed below, we affirm.  The court did not err in granting the motion, because the eviction notice failed to comply with the requirement in 1161(2) that, if mailing the rent to comply with the notice is provided as a listed option, the name of the person to whom rent is to be paid by mail, along with the person's telephone number and address, must be provided in the notice.

BACKGROUND

The complaint was filed on June 21, 2024, alleging plaintiff owned the property located at 5550 Grosvenor Boulevard #152 in Los Angeles, and defendant occupied the premises under a lease requiring she pay $3,912 per month.  Plaintiff maintained defendant on June 13, 2024 was served with a three-day pay rent or quit eviction notice, the period expired without defendant complying, and she remained in possession of the unit.  Plaintiff requested it be awarded possession of the apartment, forfeiture of the lease, past due rent and the reasonable rental value of the property, and attorney fees under the lease.

The attached eviction notice stated, "WITHIN THREE (3) DAYS, excluding Saturdays and Sundays and other judicial holidays, after the service on you of this notice, you are hereby required to pay the delinquent rent of the premises herein after described, of which you now hold possession, as follows" (capitalization in original), and proceeded to specify the dates rent became due and the amounts which were not paid.  The total rent due, for six months when it was not paid, was listed as $23,472.  The notice stated that, in the alternative to paying the amount, defendant was to give up possession of the property.

The notice ended by stating, "Payment must be made payable to SVF Grosvenor Del Rey and delivered as follows," and proceeded to list options preceded by boxes in which "x" marks or checkmarks could be added. The first box, at the bottom of the first page of the notice, bore an "x" with the listed option stating, "By mail to **Leasing Office 5550 Grosvenor Blvd Los Angeles, CA. 90066**" (bold highlighting in original). The second box, located at the top of the second page of the notice, bore an "x" with the listed option stating, "By delivering in person to: Barrington Thomas or any available personnel at 5550 Grosvenor Blvd, Los Angeles, CA 90066 between the hours of 9:00AM to 6:00PM on the following days of the week Sunday to Saturday. Said employee may be reached by telephone at 310-596-8033." Two additional boxes on the second page, followed by "To the 24-hour drop box located at the on-site rental office" and "By electronic funds transfer procedure previously established," respectively, were left unmarked.

Defendant filed an answer. She denied specified portions of the complaint and asserted affirmative defenses.

On August 29, 2024, defense counsel filed a brief in support of a motion for judgment on the pleadings. Counsel argued the cause of action for unlawful detainer failed, because the eviction notice, incorporated by reference in the complaint, failed to include "the 'name, telephone number, and address of the person' to whom the rent should be mailed" as required by 1161(2), instead listing only an address with regard to the paying by mail option. Plaintiff's attorney filed an opposition, arguing that, given the "name, telephone number, and address of the person to whom the rent should be made" was listed in the personal payment option, this was sufficient to comply with the statute. In reply, defense counsel filed a brief arguing 1161(2) should be construed to require the listing of a name, telephone number and address of a person when mailing is noted as an option, and that if this information is not provided, "The question may be appropriate [*sic*] framed as follows: if the tenant were to send the money in the mail, whose name should be on the envelope? And who should the tenant call with questions about mailing the rent?"

The court conducted a hearing on the motion on September 11, 2024. After considering arguments from defense counsel and plaintiff's attorney, the court granted the motion for judgment on the pleadings.

Plaintiff filed a notice of appeal. However, because a judgment had not been entered, this court noted the appeal was taken from a non-appealable judgment (see *Caldera Pharmaceuticals, Inc. v. Regents of University of California* (2012) 205 Cal.App.4th 338, 350, fn. 8 (*Caldera*)), and proceeded to dismiss the appeal. Upon remand, the court entered judgment in favor of defendant, and plaintiff filed a timely notice of appeal from the judgment.

DISCUSSION

Standard of Review and Unlawful Detainer Law

Although an order granting judgment on the pleadings is not appealable, the ruling may be reviewed in an appeal from an ensuing judgment. (See *Caldera*, *supra*, 205 Cal.App.4th at p. 350, fn. 8; *Ellerbee v. County of Los Angeles* (2010) 187 Cal.App.4th 1206, 1212-1213.) "'"'A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review. . . .'" "All properly pleaded, material facts are deemed true, but not contentions, deductions, or conclusions of fact or law . . . .'"'" (*Sepanossian v. National Ready Mixed Concrete Co.* (2023) 97 Cal.App.5th 192, 199.) "Because the complaint incorporated the . . . notice to pay or quit, it is part of our review. [Citation.]" (*Hsieh*, *supra*, 23 Cal.App.5th at p. Supp. 5.)

The law pertaining to unlawful detainer cases is settled. "A valid three-day pay rent or quit notice is a prerequisite to an unlawful detainer action. [Citations.] Because of the summary nature of an unlawful detainer action, a notice is valid only if the lessor strictly complies with the statutorily mandated notice requirements. [Citation.]" (*Bevill v. Zoura* (1994) 27 Cal.App.4th 694, 697.) A cause of action for unlawful detainer is not viable if the eviction notice fails to state what is required by 1161(2), and judgment must be entered in a tenant's favor in such an instance. (*Foster*, *supra*, 229 Cal.App.4th at p. Supp. 14; *Jayasinghe v. Lee* (1993) 13 Cal.App.4th Supp. 33, 37.)

4

Construction of 1161(2)

As we noted in *Foster*, as with other cases involving statutory construction, "[i]n interpreting [1161(2)'s] notice requirements, '[w]e begin with the statutory language because it is generally the most reliable indication of legislative intent. [Citation.] If the statutory language is unambiguous, we presume the Legislature meant what it said, and the plain meaning of the statute controls. [Citation.]' [Citation.] To the extent the statutory language may reasonably be given more than one interpretation, we may 'employ various extrinsic aids, including a consideration of the purpose of the statute, the evils to be remedied, the legislative history, public policy, and the statutory scheme encompassing the statute. [Citation.]' [Citation.]" (*Foster*, *supra*, 229 Cal.App.4th at p. Supp. 14.)

The terms of 1161(2), in relevant part, state a tenant is guilty of unlawful detainer, as follows.

> "When the tenant continues in possession . . . after default in the payment of rent, pursuant to the lease or agreement under which the property is held, and three days' notice, excluding Saturdays and Sundays and other judicial holidays, in writing, requiring its payment, stating the amount that is due, the name, telephone number, and address of the person to whom the rent payment shall be made, and, if payment may be made personally, the usual days and hours that person will be available to receive the payment (provided that, if the address does not allow for personal delivery, then it shall be conclusively presumed that upon the mailing of any rent or notice to the owner by the tenant to the name and address provided, the notice or rent is deemed received by the owner on the date posted, if the tenant can show proof of mailing to the name and address provided by the owner), or the number of an account in a financial institution into which the rental payment may be made, and the name and street address of the institution (provided that the institution is located within five miles of the rental property), or if an electronic funds transfer procedure has been previously established, that payment may be made pursuant to that procedure, or possession of the property, shall have been served upon the tenant and if there is a subtenant in actual occupation of the premises, also upon the subtenant."

Defendant argues the requirement to state "the name, telephone number, and address of the person to whom the rent payment shall be made" in an eviction notice applies to both when payment may be made personally and when the notice states payment is allowed to be made by mail. We find defendant's interpretation is supported by the text of the statute and its legislative intent.

In *Hsieh*, we noted the name, telephone number and address of a person are required to be listed whether allowing an option to pay in person or by mail: "under the statute, if plaintiff served [an eviction] notice and elected to give defendants an option to pay their delinquent rent personally, then he was required to include in the notice amount of rent due, the name, address, and telephone number of the person to whom the rent payment was to be made, and the usual days and hours that the person identified was available to receive the payment. In contrast, a landlord who elects to receive the delinquent rent by mail only is simply required to include in the notice the amount of rent due, the name and address of the person to whom the rent payment shall be mailed, and a telephone number for that person." (*Hsieh*, *supra*, 23 Cal.App.5th at p. Supp. 6, italics omitted.) We held in *Hsieh* the notice at issue, which included a person's name, address, telephone number and the person's usual hours and did not specify whether payment could be made in person or by mail, satisfied 1161(2), without elaborating on why a person's name, address and telephone number must be listed when allowing payment to be made by mail. (*Ibid.*) We undertake this analysis in the case *sub judice*.

In the text of 1161(2), there is no modifying or limiting language following the portion requiring a notice to "stat[e] the amount that is due, the name, telephone number, and address of the person to whom the rent payment shall be made." Immediately after this portion is a comma, with the word "and," followed by another comma, followed by a requirement with respect to when payment may be made personally ("if payment may be made personally, the usual days and hours that person will be available to receive the payment"). Following this portion is a specified consequence when personal delivery is not allowed ("provided that, if the address does not allow for personal delivery, then it shall be conclusively presumed that upon the mailing of any rent or notice to the owner by the tenant to the name and address provided, the notice or rent is deemed received by the owner on the date posted, if the tenant can show proof of mailing to the name and address provided by the owner"). Two further options follow for paying the delinquent rent—payment at a financial institution and through electronic funds transfer—separated from the prior provisions by use of the word "or" twice. (See *Eddie E. v. Superior Court* (2015) 234 Cal.App.4th 319, 327) ["'The plain and ordinary meaning of the

6

word "or" is well established. When used in a statute, [it] . . . indicates an intention to designate separate, disjunctive categories'"]; *California Correctional Peace Officers Assn. v. Tilton* (2011) 196 Cal.App.4th 91, 96 [in its ordinary sense in a statute, "'"the function of the word 'or' is to mark an alternative such as 'either this or that'"'"].) Separation by the word "or" indicates an intent that for payment in person and by mail, "the name, telephone number, and address of the person to whom the rent payment shall be made" must be specified, while this requirement does not apply to the payment at a financial institution and through electronic funds transfer options.

Moreover, 1161(2) appears to recognize that, at a minimum, the name and address of the person to whom rent is to be mailed must be listed when mailing is designated as an option, because it specifically indicates that, "if the address does not allow for personal delivery, then it shall be conclusively presumed that upon the mailing of any rent or notice to the owner by the tenant *to the name and address provided*, the notice or rent is deemed received by the owner on the date posted . . . ." (*Ibid.*, italics added.)

We determine the plain terms of the statute exhibit no intent that "the name, telephone number, and address of the person to whom the rent payment shall be made" need only be listed when payment may be made personally. To the extent the text is ambiguous, the legislative intent supports an interpretation requiring "the name, telephone number, and address of the person to whom the rent payment shall be made" to be listed if the notice states payment can be made by mail.

As we previously noted, "Prior to 2001, [1161(2)] required the three-day notice to state the amount of rent that was due, without listing any information regarding how payment was to be made. [Citation.] The information regarding how payment had to be made was added to the statute because of concerns that, without the information in the notice, 'the tenant is unsure of whom to pay, and this confusion could lead to an unlawful detainer action.' [Citation.] (*Foster*, *supra*, 229 Cal.App.4th at p. Supp. 16, citing Assem. Com. on Judiciary, Analysis of Sen. Bill No. 985 (2001-2002 Reg. Sess.) as amended May 17, 2001, pp. 3 & 6.) The Court of Appeal elaborated on the amendment's intent, pointing out, "The Legislature added these informational

requirements to avoid confusion and 'protect both landlords and tenants alike, by setting forth clear rules for payment to whom and where.' [Citation.]" (*City of Alameda v. Sheehan* (2024) 105 Cal.App.5th 68, 75 (*Sheehan*), quoting Assem. Com. on Housing and Community Development, Analysis of Sen. Bill No. 985 (2001-2002 Reg. Sess.) as amended July 9, 2001, p. 7.)

In *Foster* we held, "A notice with a URL address does not inform the tenant where [the tenant] can physically go to pay the rent or where to mail the rent. Lack of an address to a physical place could lead to confusion, cause the tenant to delay paying rent, and result in the expiration of the three-day notice and subsequent court-ordered eviction." (*Foster*, *supra*, 229 Cal.App.4th at p. Supp. 16.) The same can be said for a notice which states payment can be made by mail and does not list the name, telephone number and address of the person to whom rent can be mailed. A notice allowing payment by mail without a name and address of a person to whom payment can be mailed is useless to a tenant. Even if an address is specified, a tenant must know to whom to address the mailing, otherwise the tenant could rightfully fear the payment may not be timely received by the right person at the address provided. Also, without a telephone number and the name of a person to consult concerning mailing inquiries, the tenant risks incurring delay and being the target of ensuing legal action, disserving the purposes of the Legislature in amending the statute.

Application to Plaintiff's Eviction Notice

Our interpretation of the statute, as applied to plaintiff's eviction notice, leads us to conclude the notice failed to comply with 1161(2). The notice told defendant, "Payment must be made payable to SVF Grosvenor Del Rey," presumably requiring that a check or money order be made out to this entity. However, the first and only option at the end of the first page listed as a payment delivery option, "By mail to Leasing Office 5550 Grosvenor Blvd Los Angeles, CA. 90066." The notice complied with 1161(2)'s requirement of stating an address, but not with the mandate to list the "name" and "telephone number" and address *of a* "*person*" to whom rent could be mailed. Under no reading of the notice could "Leasing Office" be considered the name of a person, and no telephone number was provided. The notice's

deficiencies required that judgment on the pleadings be granted, because strict compliance is required with the notice requirements. (*Bevill v. Zoura*, *supra*, 27 Cal.App.4th at p. 697.)

Plaintiff contends the notice was sufficient, because it listed a person's name, address and telephone number *in the option for personal delivery of payment*. We are unpersuaded. A tenant reading a notice like the present one, which explicitly states in separate provisions on separate pages how to go about making payment by mail and personally, would be required to speculate whether the same person listed in the personal payment option, with the same telephone number, is the person to pay by mail. If a tenant reading the notice stopped at the first listed option, the person would not know to whom rent could be paid, because the payee's name was not listed. Under plaintiff's interpretation of 1161(2), the tenant would have to search the notice for other options looking for a person's name, telephone number and address, potentially leading to the rent being sent to a different person or a different address than intended by the landlord and/or rent not being provided in a timely manner, and eviction proceedings commencing. This would be inimical to the purposes of the statute: to ensure the tenant is provided clear information to avoid unnecessary evictions. (*Sheehan*, *supra*, 105 Cal.App.5th at p. 75; *Foster*, *supra*, 229 Cal.App.4th at pp. Supp. 16-Supp. 17.)

We also find unpersuasive plaintiff's argument that, if the payment by mail option was deficient, the notice was nonetheless valid because the personal payment option satisfied 1161(2). Assuming, without deciding, the personal payment option complied with the statute, the invalid mailing option rendered plaintiff's entire notice inoperative. The notice explicitly indicated payment could be made either by personal delivery or by mail. If a tenant, in reliance on the notice, exercised the right to pay by mail, the fact that complete information was provided for the personal payment option would be of no assistance. Again, delay and confusion, rather than an unwillingness to pay rent, could result in failure to comply with the notice under plaintiff's interpretation, leading to eviction, a result contrary to the purposes of the statute.

Finally, we agree with plaintiff's point that "statutory interpretation of [1161(2)] must be reasonable" (capitalization and bold highlighting omitted). When interpreting a statute and

9

applying it to a set of facts, "[t]he literal language of enactments may be disregarded to avoid absurd results and to fulfill the apparent intent of the framers. [Citations.]" (*Amador Valley Joint Union High Sch. Dist. v. State Bd. of Equalization* (1978) 22 Cal.3d 208, 245.) Under our interpretation of 1161(2), a notice which spells out that the tenant has the option to make a personal payment or payment by mail must state the name of a person and the person's telephone number and address for each option provided. Instead of requiring a tenant to guess whether the same person's name, address and telephone number apply to multiple payment options, our interpretation promotes clarity and enhances the likelihood of a landlord receiving rent and the tenant remaining housed. There is nothing unreasonable or absurd about our construction of the statute.

## DISPOSITION

The judgment is affirmed. Defendant is to recover costs on appeal.

 

 

_____
Ricciardulli, J.

We concur:

_____      _____
P. McKay, P. J.                           Hobbs, J.